In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-115 CR


 ______________________


 

SEDRIC TROY EDISON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. 83388






OPINION


 Edison was adjudicated guilty of assault on a family member. See Tex. Pen. Code
Ann. § 22.01(a)(1) (Vernon Supp. 2007); Act of May 26, 1999, 76th Leg., R.S., ch. 1158,
§ 1, sec. 22.01(b)(2), 1999 Tex. Gen. Laws 4063 (amended 2005) (current version at Tex.
Pen. Code Ann. § 22.01(b)(2) (Vernon Supp. 2007)). Edison raises five issues for appellate
review. He argues his sentence was not authorized by law; the trial court had no authority
to defer adjudication and extend his community supervision for two years; the court had no
authority to revoke his community supervision because it had expired as a matter of law; he
was denied due process because he was convicted of a misdemeanor offense but he received
a felony sentence; and the evidence was insufficient to support the enhancement allegations.
Finding no merit in these issues, we affirm the trial court's judgment.

 The indictment alleged that Edison intentionally and knowingly caused bodily injury
to a member of his family and household, and that Edison had two previous convictions for
offenses against a member of his family and household. See Tex. Pen. Code Ann. §
22.01(a)(1); Act of May 26, 1999, 76th Leg., R.S., ch. 1158, § 1, sec. 22.01(b)(2), 1999 Tex.
Gen. Laws 4063. Pursuant to a plea bargain agreement, Edison pled guilty. Edison signed
a judicial confession that provided, in relevant part:

 I consent to oral and written stipulations and agree that they may be considered
as evidence in my case. I have read the charging instrument and my attorney
has explained it to me and I committed each and every element alleged. . . . I
am guilty of the offense and all lesser included offenses charged against me in
this case.

The trial court accepted Edison's guilty plea and judicial confession, found the evidence
sufficient to support the guilty plea, and deferred an adjudication of guilt. The court placed
Edison on community supervision for four years, later extended for two additional years, and
assessed a $1000 fine. 

 The State filed a motion to revoke Edison's unadjudicated supervision. Edison pled
"true" to two alleged violations of the terms of his community supervision. The trial court
found that Edison violated the terms of his community supervision, revoked the
unadjudicated community supervision, and found him guilty of family assault. The court
assessed punishment at two years in the Institutional Division of the Texas Department of
Justice. 

 Edison discusses the issues together and asserts they arise from the same fact
situation. He contends that because the trial court did not require him to enter a plea on the
"enhancement" allegations, the evidence was insufficient to show that he was guilty of
committing the prior convictions alleged in the indictment. He asserts that he should have
been sentenced for a misdemeanor offense.

 A person commits assault if the person "intentionally, knowingly, or recklessly causes
bodily injury to another, including the person's spouse[.]" Tex. Pen. Code. Ann. §
22.01(a)(1). At the time of the offense, the statute provided in part, "An offense under
Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third
degree if the offense is committed against . . . a member of the defendant's family or
household, if it is shown on the trial of the offense that the defendant has been previously
convicted of an offense against a member of the defendant's family or household under this
section." Act of May 26, 1999, 76th Leg., R.S., ch. 1158, § 1, sec. 22.01(b)(2), 1999 Tex.
Gen. Laws 4063. 

 The State may use the defendant's judicial confession to show that the defendant was
previously convicted of an offense against a member of the family or household. See
Mitchell v. State, 102 S.W.3d 772, 775 (Tex. App.--Austin 2003, pet. ref'd) (explaining that
the State can use extrinsic evidence to show defendant was previously convicted of assault
against a member of the family or household). See generally Tamez v. State, 11 S.W.3d 198,
201-02 (Tex. Crim. App. 2000) (explaining that a defendant's stipulation to previous DWI
convictions is sufficient proof of the convictions); Trevino v. State, 519 S.W.2d 864, 866
(Tex. Crim. App. 1975) (explaining generally that a written confession containing an
admission to all elements of an offense is sufficient to support a conviction). (1) The previous
conviction for assault against a family or household member must be shown at trial to elevate
the offense from a Class A misdemeanor to a third degree felony. See Rogers v. State, 200
S.W.3d 233, 236 n.3 (Tex. App.--Houston [14th Dist.] 2006, pet. ref'd) (noting that under
the statute, the State must prove the existence of the prior conviction as an element of the
offense); Sheppard v. State, 5 S.W.3d 338, 340 (Tex. App.--Texarkana 1999, no pet.)
(explaining that under the statute, the fact of the prior conviction is an element of the
offense). We do not agree that the prior conviction simply results in a punishment
enhancement for a misdemeanor offense. But see State v. Cagle, 77 S.W.3d 344, 346 nn.1-2
(Tex. App.--Houston [14th Dist.] 2002, pet. ref'd) (stating that "the offense would be a
misdemeanor without the enhancement," but also stating that a prior assault is "a sentence
enhancement, rather than an element of the offense"). The statute expressly states that the
offense is a third degree felony under these circumstances. See Act of May 26, 1999, 76th
Leg., R.S., ch. 1158, § 1, sec. 22.01(b)(2), 1999 Tex. Gen. Laws 4063. 

 The indictment charged Edison with third degree felony assault on a family member. 
Edison pled guilty to the charge and signed a judicial confession admitting that he committed
each element of the offense charged and was guilty of the offense as charged. The judicial
confession was sufficient to show that Edison was guilty of committing the prior convictions
alleged in the indictment.

 Edison argues that his community supervision period was longer than authorized by
law, and was revoked after it had legally expired. He claims the sentence the trial court
assessed after revocation was unauthorized and violated due process. He argues that the
judgment should be reversed, the revocation should be set aside, and the cause should be
remanded for a new trial on the misdemeanor offense. In the alternative, he argues that the
case should be dismissed because the community supervision period had expired as a matter
of law before the State filed the motion to revoke. These issues are all based on his argument
that the offense to which he pled guilty is a misdemeanor. The offense is a third degree
felony, however. See id. 

 Edison pled guilty to third degree felony assault on a family member, and his judicial
confession served as proof of the previous convictions. The trial court assessed punishment
at two years in the Institutional Division. The punishment range for a third degree felony is
a term of not more than ten years or less than two years. Tex. Pen. Code Ann. § 12.34(a)
(Vernon 2003). The sentence was within the range of punishment.

 Edison's issues are overruled. The judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on September 12, 2007

Opinion Delivered March 12, 2008

Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. See Ledet v. State, No. 14-04-00739-CR, 2006 WL 461498, at *2 (Tex. App.--
Houston [14th Dist.] 2006, pet. ref'd) (not designated for publication).