Affirmed and Memorandum Opinion filed July 9, 2009









Affirmed and Memorandum Opinion filed July 16, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00782-CR

___________

 

GLENN MERRELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1153780

 





 

M E M O R A N D U M   O P I N I O N 

Appellant, Glenn Merrell, pleaded guilty to the felony
offense of assault on a family member, second offense, and punishment was
assessed by the trial court at three years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  See Tex. Penal Code Ann. ' 22.01(b)(2) (Vernon 2003).  In two issues,
appellant argues (1) the evidence was legally insufficient to convict him as a
second time offender of assault involving family violence and (2) the trial
court erred in not sua sponte withdrawing appellant=s guilty
plea.  Finding no error, we affirm the judgment of the trial court.

 

 Factual and Procedural Background

On
February 13, 2008, a grand jury charged appellant by indictment of the felony
offense of assault on a family member as a second offender.  On March 11,
2008, the date of appellant=s scheduled trial, appellant pleaded guilty to the charged
offense.  Appellant signed a judicial confession admitting that on June
21, 2007 he unlawfully, intentionally, and knowingly caused bodily injury to
Rebecca Longwell, a person with whom he had a dating relationship.[1] 
In the same signed confession, he also admitted that on February 2, 2006, he
was convicted of assault against a person with whom he had a dating
relationship.  At appellant=s plea hearing, appellant also
pleaded guilty to the charge in open court and entered a plea of Atrue@ to the enhancement paragraphs
alleging that he had previously been convicted of assault on a family member.
The trial court inquired into whether appellant=s plea was free and voluntary and
warned appellant of the range of punishment.[2] 
Appellant=s signed judicial confession and signed admonishments were entered into
evidence. 

 

On
August 13, 2008, the trial court held a hearing on appellant=s punishment.  A presentence
investigation report on appellant had been previously filed with the
court.  At the hearing, the State did not present any live witnesses and
only introduced the 911 phone call made by the complainant, Rebecca Longwell,
at the time of the current incident.  The defense presented testimony of
Anita Lenorman, a former Houston Police Department Officer who had been
counseling appellant since appellant was released from jail on a previous
conviction.  She testified to appellant=s good character and his desire to
turn his life around for the better.  Also, appellant took the stand and
told the court how he had changed his life by entering into counseling and
starting a program for at-risk teenagers.  While on the stand, appellant
accepted full responsibility for the assault against Rebecca Longwell and
admitted to having been convicted of assaulting Longwell in the past. 
When asked about the current charge, appellant testified that he and Longwell
had gotten into an argument, he attempted to hug her, she Afought him off,@ and then a physical altercation
ensued.  

The
trial court assessed his punishment at three years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  This appeal
followed.     

Discussion 

I.  Is the
evidence legally sufficient to support appellant=s conviction?

In his
first issue, appellant challenges the legal sufficiency of the evidence
supporting the trial court=s determination of guilt.  Specifically, he contends the
evidence presented was not legally sufficient to convict him of a second
assault against a family member.  

A.       
Standard of Review

 

Texas has a procedural requirement
regarding guilty pleas that differs from most jurisdictions.  Keller v.
State, 125 S.W.3d 600, 604 (Tex. App.CHouston
[1st Dist.] 2003), pet. dism=d, improvidently granted, 146 S.W.3d 677 (Tex. Crim.
App. 2004).  Pursuant to
article 1.15 of the Code of Criminal Procedure, the State must offer sufficient
proof to support any judgment based on a guilty or nolo contendere plea in a
felony case tried to the court.  Id.; see Tex. Code Crim.
Proc. Ann. art. 1.15 (Vernon 2005).  Reviewing the sufficiency of the
evidence to support a judgment under article 1.15 of the Texas Code of Criminal
Procedure upon a plea of guilty or nolo contendere requires that we apply a
standard of review different from our review of legal sufficiency pursuant to Jackson
v. Virginia, 443 U.S. 307, 318B19, 99 S.Ct. 2781, 2788B89, 61 L. Ed. 2d 560 (1979); Keller,
125 S.W.3d at 604.  Legal sufficiency review analysis under Jackson applies only when the federal constitution places the burden on the
prosecution to establish guilt beyond a reasonable doubt.  Keller,
125 S.W.3d at 605 (citing Ex Parte Williams, 703 S.W.2d 674, 682 (Tex.
Crim. App. 1986)).  The Jackson standard does not apply when a defendant knowingly, intelligently, and
voluntarily enters a plea of guilty or nolo contendere.  Id. 
Thus, our sufficiency review on appeal of felony pleas of guilty to the court
is confined to determining whether sufficient evidence supports the judgment of
guilt under article 1.15 of the Code of Criminal Procedure.  Keller,
125 S.W.3d at 605.

B.       
Analysis

The
trial court found appellant guilty of assault against a person with whom he had
a dating relationship, normally a Class A misdemeanor.  See Tex. Penal Code Ann. ' 22.01(b) (Vernon 2003).  This offense, nonetheless, is a third
degree felony because appellant had a previous assault conviction against a
person with whom he had a dating relationship.  See id. ' 22.01(b)(2).  However, there
was not an affirmative finding of family violence in his previous assault
conviction.  The Code of Criminal Procedure requires the court to make an
affirmative finding of family violence.  See Tex. Code Crim. Proc.
Ann. art. 42.013 (Vernon 2006).  Despite the court=s failure to make the affirmative
finding, the State can prove the prior conviction involved family violence with
extrinsic evidence.  Mitchell v. State, 102 S.W.3d 772, 774 (Tex.
App.CAustin 2003, pet. ref=d).  A judicial confession can
be sufficient proof of previous convictions involving family violence.  Edison
v. State, 253 S.W.3d 303, 305B06 (Tex. App.CBeaumont 2008, no pet.).   

 

Appellant
signed a waiver of constitutional rights, agreement to stipulate evidence, and
a judicial confession specifically admitting his prior conviction of assault
was committed against a person with whom he had a dating relationship. 
When a defendant pleads guilty, article 1.15 of the Code of Criminal Procedure
requires the State to Aintroduce evidence into the record showing the guilt of the
defendant . . . and in no event shall a person charged be convicted upon his
plea without sufficient evidence to support the same.@  Tex. Code Crim. Proc. Ann.
art. 1.15 (Vernon 2005).  A judicial confession alone meets the
requirements of article 1.15 if it embraces every element of the offense
charged and establishes the defendant=s guilt.  See Breaux v. State,
16 S.W.3d 854, 857 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  Thus, a judicial confession
can be used as extrinsic evidence to prove the previous assault and meet the
corroboration requirements under 1.15.  See Edison, 253 S.W.3d at
305B06; Keller, 125 S.W.3d at 605.


 Appellant
admitted in his judicial confession that Aon or about June 21, 2007, [he] did
then and there unlawfully, intentionally and knowingly cause bodily injury to
Rebecca Longwell, a person with whom the Defendant had a dating relationship.@  Additionally, in the same
instrument, he admitted that Aon February 2, 2006, in the County Criminal Court at Law No.
9 of Harris County, Texas, in Cause No. 1330281 [he] was convicted of Assault
which was committed against a person with whom he had a dating relationship.@  This judicial confession
signed by appellant embraces every element of the charged offense.  See
 Tex. Penal Code Ann. ' 22.01(b)(2) (Vernon 2003).  Additionally, because he
admits the previous conviction was against a person with whom he had a dating
relationship, he has admitted the elements necessary for enhancement of the
charge.  See id.  Furthermore, the confession complies with
article 1.15 in all respects.[3]  See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).  Therefore, appellant=s judicial confession is sufficient
evidence to show he committed a prior act of family violence.  See Edison, 253 S.W.3d at 305.  We conclude appellant=s judicial confession is legally
sufficient to support the judgment under article 1.15 of the Code of Criminal
Procedure.

II.  Did the
trial court err by failing to sua sponte withdraw appellant=s guilty plea?

 

In his
second issue, appellant contends the trial court erred by not withdrawing his
guilty plea after he Aimplicitly withdrew@ his guilty plea.  Appellant
argues the onus was on the trial court to sua sponte withdraw his
plea.  Appellant claims his Aimplicit withdrawal@ was made when he testified that he
was attempting to hug the complainant, not hit or push her as alleged in the
indictment.  Appellant argues this is essentially a denial of the culpable
mental state required for the alleged assault.  Appellant cites no cases
supporting Aimplicit withdrawals@ or cases placing  the burden on the trial court to
withdraw a plea where no formal request to withdraw has been made.[4]  


In Thomas
v. State, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980), the Court of Criminal Appeals
held that a trial court is not required to sua sponte withdraw a plea of
guilty and enter a plea of not guilty for a defendant when the defendant enters
the plea of guilty before the court after waiving a jury, even if evidence is
adduced that might reasonably and fairly raise an issue of fact as to the guilt
of the defendant.  See also Rivera v. State, 123 S.W.3d 21, 32B33 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d); Solis v. State, 945 S.W.2d
300, 302 (Tex. App.CHouston
[1st Dist.] 1997, pet ref=d).  The trial court as the
trier of fact may, without withdrawing the plea, decide the issue by either
finding the defendant not guilty or guilty as it believes the facts
require.  Rivera, 123 S.W.3d at 33.  Here, the trial court, as
the trier of fact, considered the evidence submitted, found appellant guilty,
and sentenced him to three years= confinement.  The trial court
did not err.  Accordingly, we overrule appellant=s second issue.

 

 

 

 

Conclusion

Having
overruled both of appellant=s issues on appeal we affirm the judgment of the trial
court.    

 

 

 

/s/        John S.
Anderson

Justice

 

 

 

 

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 














[1]  An act of violence against a person with whom
one has a dating relationship is considered an act of family violence.  See
Tex. Fam. Code Ann. ' 71.004 (Vernon 2009).  





[2]   Appellant had previously rejected a plea
bargain, apparently in the hope he would receive community supervision. 





[3]   Appellant=s AWaiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession@
states: AIn open court and prior to entering my plea, I waive
the right of trial by jury.  I also waive the appearance, confrontation,
and cross-examination of witnesses, and my right against self-incrimination.@   





[4]   Appellant=s arguments focus on the timing of his Aimplicit withdrawal,@as if it did
not differ from a formal motion to withdraw.  We believe it is necessary
to distinguish between a formal withdrawal and an Aimplicit withdrawal.@  Furthermore, at this stage in the trial it would have been
within the trial court=s discretion to deny even a formal motion to
withdraw.  See Stone v. State, 951 S.W.2d 205, 206 (Tex.
App.CHouston [14th
Dist.] 1997, no pet.).