COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-086-CR

 

 

RICHARD MORENO GOMEZ                                                             APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                 FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








A
jury convicted Appellant Richard Moreno Gomez of assault-family violence,
elevated to a third-degree felony because of a prior assault-family violence
conviction.  Appellant pled true to the
habitual offender enhancement paragraph, and the trial court sentenced him to
twenty years=
confinement.  In one point, Appellant
challenges the legal sufficiency of the evidence of the jurisdictional
enhancement.  That is, Appellant contends
that the State failed to prove that he had been convicted previously of
assault-family violence. Because we hold that the evidence of the
jurisdictional enhancement is legally sufficient, we affirm the trial court=s
judgment.

Section
22.01 of the penal code elevates a misdemeanor assault-family violence offense
to a third-degree felony if the defendant has a prior conviction for
assault-family violence.[2]  Under the statute, a defendant who pled
guilty in the prior family violence case and received deferred adjudication is
treated as a defendant who has a prior conviction.[3]








Both
parties agree that the prior misdemeanor judgment for AASSAULT
CAUSES BODILY INJURY FAMILY VIOLENCE@
does not contain a finding of family violence.[4]  Without an affirmative finding of family
violence in the prior judgment, to enhance the present offense to a felony, the
State was required to prove by extrinsic evidence that the complainant in the
prior case was a family member or a member of Appellant=s
household when the prior offense occurred.[5]  A judicial confession, standing alone, can
support a conviction in a case involving a guilty plea.[6]

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in order
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.[7]

The
trial court admitted, among other evidence, certified copies of the information
and Appellant=s
signed plea memorandum and admonishments regarding the 2005 offense.  The information charged that Appellant Adid
then and there intentionally and knowingly cause bodily injury to TOOD [sic]
WEDDLE, a family member of [Appellant=s]
household, by STRIKING TODD WEDDLE ON HIS HEAD WITH [Appellant=s]
HAND.@  The plea memorandum and admonishments
provide,








9.       PLEA: 
I hereby declare and state that I have read the information filed in
this case, and to that charge, I enter my plea of:  GUILTY/NOLO CONTENDERE (mark out one and
initial).  I enter this plea to the Court
voluntarily, of my own free will, and not under any threat, compulsion of any
nature, or delusive hope of pardon. . . . I understand that the Court can find
me guilty based on my plea alone.

 

 

_________________

DEFENDANT

Appellant circled and
initialed AGUILTY@ in
the paragraph and signed on the line marked ADEFENDANT.@

Appellant
also certified by his signature that Aeverything
in the Plea Memorandum and Admonishment and the . . . Order Deferring Adjudication
is correct and accurate,@ and he swore under
oath,  AI am
the Defendant in this cause.  I have read
the foregoing plea memorandum.  I
understand it, and I have had this document explained to me.  Everything contained herein is true and
correct to the best of my knowledge and belief and has been voluntarily
executed by me.@

In
the instant trial, Appellant offered evidence through a bill of exceptions that
the prior conviction was not one of family violence because the complainant was
not yet Appellant=s brother-in-law and he and
Appellant did not live at the same residence when the incident occurred.  Appellant does not challenge the exclusion of
this evidence on appeal.








Reviewing
the evidence in the light most favorable to the verdict, we hold that the
evidence is legally sufficient to sustain Appellant=s
conviction.  We overrule his sole point
and affirm the trial court=s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 29, 2010











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. ' 22.01(b)(2)
(Vernon Supp. 2009).





[3]Id. ' 22.01(f).





[4]See Tex. Code Crim.
Proc. Ann. art. 42.013 (Vernon 2006) (requiring an affirmative finding in the
judgment when a trial court determines that family violence was involved in an
offense against the person).





[5]See Tex. Penal Code Ann. ' 22.01(b)(2)(A), (f); Goodwin
v. State, 91 S.W.3d 912, 919 (Tex. App.CFort Worth 2002, no pet.) (providing that
article 42.013 does not prohibit the use of extrinsic evidence as proof that a
previous assault was committed against a family or household member).





[6]Dinnery v. State, 592 S.W.2d 343, 353
(Tex. Crim. App. 1979) (op. on reh=g); see Edison v. State, 253 S.W.3d
303, 305 (Tex. App.CBeaumont 2008, no
pet.) (holding judicial confession to prior family violence assault conviction
alleged in indictment sufficient to prove that prior conviction had occurred
and to enhance current family violence assault to felony).





[7]Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).