

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-086-CR**

RICHARD MORENO GOMEZ                                       APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Richard Moreno Gomez of assault-family violence, elevated to a third-degree felony because of a prior assault-family violence conviction. Appellant pled true to the habitual offender enhancement paragraph, and the trial court sentenced him to twenty years' confinement. In one point, Appellant challenges the legal sufficiency of the evidence of the jurisdictional enhancement. That is, Appellant contends that the State failed to prove that he had been convicted

---

[1] *See* Tex. R. App. P. 47.4.

previously of assault-family violence. Because we hold that the evidence of the jurisdictional enhancement is legally sufficient, we affirm the trial court's judgment.

Section 22.01 of the penal code elevates a misdemeanor assault-family violence offense to a third-degree felony if the defendant has a prior conviction for assault-family violence.[2] Under the statute, a defendant who pled guilty in the prior family violence case and received deferred adjudication is treated as a defendant who has a prior conviction.[3]

Both parties agree that the prior misdemeanor judgment for "ASSAULT CAUSES BODILY INJURY FAMILY VIOLENCE" does not contain a finding of family violence.[4] Without an affirmative finding of family violence in the prior judgment, to enhance the present offense to a felony, the State was required to prove by extrinsic evidence that the complainant in the prior case was a family member or a member

---

[2] Tex. Penal Code Ann. § 22.01(b)(2) (Vernon Supp. 2009).

[3] *Id.* § 22.01(f).

[4] *See* Tex. Code Crim. Proc. Ann. art. 42.013 (Vernon 2006) (requiring an affirmative finding in the judgment when a trial court determines that family violence was involved in an offense against the person).

of Appellant's household when the prior offense occurred.[5]  A judicial confession, standing alone, can support a conviction in a case involving a guilty plea.[6]

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[7]

The trial court admitted, among other evidence, certified copies of the information and Appellant's signed plea memorandum and admonishments regarding the 2005 offense.  The information charged that Appellant "did then and there intentionally and knowingly cause bodily injury to TOOD [sic] WEDDLE, a family member of [Appellant's] household, by STRIKING TODD WEDDLE ON HIS HEAD WITH [Appellant's] HAND."  The plea memorandum and admonishments provide,

---

[5] *See* Tex. Penal Code Ann. § 22.01(b)(2)(A), (f); *Goodwin v. State*, 91 S.W.3d 912, 919 (Tex. App.—Fort Worth 2002, no pet.) (providing that article 42.013 does not prohibit the use of extrinsic evidence as proof that a previous assault was committed against a family or household member).

[6] *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g); *see Edison v. State*, 253 S.W.3d 303, 305 (Tex. App.—Beaumont 2008, no pet.) (holding judicial confession to prior family violence assault conviction alleged in indictment sufficient to prove that prior conviction had occurred and to enhance current family violence assault to felony).

[7] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

9.    PLEA:  I hereby declare and state that I have read the information filed in this case, and to that charge, I enter my plea of: GUILTY/NOLO CONTENDERE (mark out one and initial).  I enter this plea to the Court voluntarily, of my own free will, and not under any threat, compulsion of any nature, or delusive hope of pardon. . . . I understand that the Court can find me guilty based on my plea alone.

_____\
DEFENDANT

Appellant circled and initialed "GUILTY" in the paragraph and signed on the line marked "DEFENDANT."

Appellant also certified by his signature that "everything in the Plea Memorandum and Admonishment and the . . . Order Deferring Adjudication is correct and accurate," and he swore under oath,  "I am the Defendant in this cause.  I have read the foregoing plea memorandum.  I understand it, and I have had this document explained to me.  Everything contained herein is true and correct to the best of my knowledge and belief and has been voluntarily executed by me."

In the instant trial, Appellant offered evidence through a bill of exceptions that the prior conviction was not one of family violence because the complainant was not yet Appellant's brother-in-law and he and Appellant did not live at the same residence when the incident occurred.  Appellant does not challenge the exclusion of this evidence on appeal.

Reviewing the evidence in the light most favorable to the verdict, we hold that the evidence is legally sufficient to sustain Appellant's conviction. We overrule his sole point and affirm the trial court's judgment.

                                        LEE ANN DAUPHINOT
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 29, 2010