

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00386-CR

**BRYAN DANIEL MOORE,**

Appellant

**v.**

**THE STATE OF TEXAS,**

Appellee

**From the 77th District Court
Limestone County, Texas
Trial Court No. 11873-A-1**

## MEMORANDUM OPINION

Bryan Daniel Moore appeals from a conviction for the third degree felony offense of assault with bodily injury-family member with a prior conviction for assault with bodily injury-family member. TEX. PEN. CODE ANN. § 22.01(a)(1) & (b)(2)(A) (Vernon Supp. 2009). Moore was sentenced by the trial court to imprisonment for six years in the Texas Department of Criminal Justice – Institutional Division. Moore complains that the trial court erred by submitting two special issues to the jury regarding two prior convictions, and that the error constituted egregious harm. Because we find that

the erroneous submission of the special issues did not result in egregious harm to Moore, we affirm the judgment of the trial court.

*The Charge*

The charge as submitted to the jury in the guilt-innocence phase of the trial required the jury to find that Moore had committed the offense of misdemeanor assault with bodily injury-family member with no reference to prior convictions. Thereafter, in the charge the jury was given two special issues which asked whether Moore had been previously convicted of assault with bodily injury-family member beyond a reasonable doubt. Moore did not object to the charge.

Because there was no objection made to the charge by Moore, we must first determine whether the charge as submitted to the jury was erroneous and if so, we must analyze this complaint utilizing the standard of *Almanza v. State. Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (*citing Olivas v. State*, 202 S.W.3d 137, 143-44 (Tex. Crim. App. 2006), *citing Almanza*, 686 S.W.2d 157 (Tex. Crim. App. 1985)). Under *Almanza*, unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza,* 686 S.W.2d at 171.

Article 37.07(1)(a) of the Code of Criminal Procedure requires that jury verdicts are to be general. TEX. CODE CRIM. PROC. ANN. art. 37.07(a)(1) (Vernon Supp. 2009). Moore contends that the submission of special issues is not allowed in criminal cases and that the submission of the two special issues deprived him of the right to a general verdict. *See Harris v. State*, 790 S.W.2d 568, 579 (Tex. Crim. App. 1989) (en banc) (other than the "provisions in Article 37.071, Texas jurisprudence has no authority allowing

the submission of special issues to a jury in a criminal case"); *Stewart v. State*, 686 S.W.2d 118, 124 (Tex. Crim. App. 1984) (en banc).  However, in *Harris*, the Court of Criminal Appeals stated that their finding that a refusal to submit a special issue was not erroneous was not to be construed to say that "a special issue could never be constitutionally necessary despite the statutory prohibition of Article 37.07(a)."  *Harris*, 790 S.W.2d at 579-80.  Indeed, special issues have been properly used in the guilt-innocence phase of a jury trial for purposes of making an affirmative finding regarding whether a deadly weapon was used in the commission of an offense.  *See Hill v. State*, 913 S.W.2d 581, 584 (Tex. Crim. App. 1996) (en banc).

The two special issues sought findings that were jurisdictional elements of the offense of the third degree offense of assault with bodily injury on a family member. *See Edison v. State*, 253 S.W.3d 303, 305 (Tex. App.—Beaumont 2008, no pet.).  The State argues that the use of the special issues protects the rights of the defendant by allowing the jury to focus on the underlying offense prior to reaching the jurisdictional elements. However, Article 37.07(a)'s language regarding general verdicts is mandatory, and we do not find that the special issues as submitted were "constitutionally necessary despite the statutory prohibition of Article 37.07(a)."  *Harris*, 790 S.W.3d at 579-80.  We find that the submission of the special issues was erroneous.

### *Harm Analysis*

Having found error in the charge, we must next determine whether the error was harmful.  It is undisputed that Moore did not object to the charge as submitted.

Pursuant to *Almanza*, unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm."  *Almanza,* 686 S.W.2d at 171.

In examining the record for egregious harm, we consider: 1) the entire jury charge, 2) the state of the evidence, including the contested issues and the weight of the probative evidence, 3) the final arguments of the parties, and 4) any other relevant information revealed by the record of the trial as a whole.  *Olivas v. State*, 202 S.W.3d at 144.  Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.  *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

*The Jury Charge*

The jury charge as a whole contains a definition of third degree assault with bodily injury on a family member in Paragraph I of the main body of the charge that includes the language that "the person has been previously convicted of an assault against a member of the person's family."  In the instructions in the second paragraph, a definition of "previously convicted" is included.  Then the application paragraph defines the offense of assault with bodily injury on a family member with no reference to the prior conviction.  No further reference is made to the prior conviction until the bottom of the page of the general verdict form which contains the instruction "IF and only if you find Bryan Daniel Moore Guilty of Family Assault answer Special Issue #1 & 2."  Each special issue begins with the statement that the jury had found Moore guilty of assault, and then sought a finding beyond a reasonable doubt that Moore had

committed each of the prior offenses. There is little, if anything, in the body of the charge to assist the jury with the special issues submitted to them. We find that the jury charge, taken as a whole, does little to ameliorate the error.

*State of the Evidence*

Moore does not contend that the evidence was legally or factually insufficient regarding any element of the offense, including the prior convictions. The state of the evidence is a factor that weighs in favor of the State.

*Final Arguments*

The State argued in its closing argument that the primary focus of the jury was to be on the assault with bodily injury and that the priors were separate. The State did point out that the jury was required to find that Moore committed the prior offenses beyond a reasonable doubt, but was only to consider those issues after they determined whether Moore had committed the assault. Counsel for Moore argued to the jury that they take the documents and review them and determine whether Moore was the defendant as alleged and whether family violence was part of the offenses. We find that the State's argument did little to reduce the effect of the error; if anything, the argument bolstered the charge as written requiring the findings as being separate from their finding of guilt on the offense as alleged in the indictment.

*Other Relevant Information*

The State contended that the prior convictions were not to be considered by the jury in determining whether or not Moore committed the assault for which he was on trial, beginning in voir dire and continuing throughout the trial. However, the prior

convictions are elements of the offense as alleged in the indictment. While the way the State presented its case was not erroneous insofar as attempting to ensure that the jury did not consider the priors in determining Moore's guilt relating to the assault itself, and might not have been improper had the charge been correctly presented, it magnifies the error, which was denying Moore a general verdict on all of the elements of the offense.

The erroneous submission of the special issues relating to the jurisdictional elements must have affected the very basis of Moore's case, deprived Moore of a valuable right, or vitally affected a defensive theory of Moore in order to constitute egregious harm. Moore complains that the improper charge deprived him of the right to have the jury find him guilty of all of the elements of the offense because the jury was never required to make a general finding of guilt as to the third degree offense. Moore also contends that because special issues are improper in criminal cases, egregious harm is present because the use of the special issues invades the sanctity of the closed nature of jury deliberations and might propel the jury to find him guilty whereas a general verdict might not. While we agree that the submission of the jurisdictional elements was erroneous, we do not find it to be automatically harmful or immune from a harm analysis. The evidence was sufficient for the jury to have determined that Moore was the individual that committed the prior offenses. Moore was not deprived of a jury determination beyond a reasonable doubt that he committed those offenses. While we certainly do not sanction the use of special issues as was done in this charge, we do not

find that the submission of the jurisdictional elements as special issues in this case rises to the level of egregious harm.  We overrule issue one.

*Conclusion*

We find that the submission of the special issues was erroneous.  We find that the error did not constitute egregious harm.  We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed August 18, 2010
Do not publish
[CR25]