IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00386-CR

 

Bryan Daniel Moore,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 11873-A-1

 



MEMORANDUM  Opinion










 

            Bryan Daniel Moore appeals from a conviction for the third degree
felony offense of assault with bodily injury-family member with a prior
conviction for assault with bodily injury-family member.  Tex. Pen. Code Ann. § 22.01(a)(1) &
(b)(2)(A) (Vernon Supp. 2009).  Moore was sentenced by the trial court to
imprisonment for six years in the Texas Department of Criminal Justice –
Institutional Division.  Moore complains that the trial court erred by
submitting two special issues to the jury regarding two prior convictions, and
that the error constituted egregious harm.  Because we find that the erroneous
submission of the special issues did not result in egregious harm to Moore, we affirm the judgment of the trial court.

The Charge

            The charge as submitted to the jury in
the guilt-innocence phase of the trial required the jury to find that Moore had committed the offense of misdemeanor assault with bodily injury-family member
with no reference to prior convictions.  Thereafter, in the charge the jury was
given two special issues which asked whether Moore had been previously
convicted of assault with bodily injury-family member beyond a reasonable
doubt.  Moore did not object to the charge.

Because there was no objection made to the charge
by Moore, we must first determine whether the charge as submitted to the jury
was erroneous and if so, we must analyze this complaint utilizing the standard
of Almanza v. State.  Allen v. State, 253 S.W.3d
260, 264 (Tex. Crim. App. 2008) (citing Olivas v. State, 202 S.W.3d 137,
143-44 (Tex. Crim. App. 2006), citing Almanza, 686 S.W.2d 157 (Tex.
Crim. App. 1985)).  Under Almanza, unobjected-to
jury charge error will not result in reversal of a conviction in the absence of
“egregious harm.”  Almanza, 686 S.W.2d at 171.  

Article 37.07(1)(a) of the Code of Criminal Procedure
requires that jury verdicts are to be general.  Tex. Code Crim. Proc. Ann. art. 37.07(a)(1) (Vernon Supp. 2009).  Moore contends that the submission of special issues is not allowed in
criminal cases and that the submission of the two special issues deprived him
of the right to a general verdict.  See Harris v. State, 790 S.W.2d 568,
579 (Tex. Crim. App. 1989) (en banc) (other than the “provisions in Article
37.071, Texas jurisprudence has no authority allowing the submission of special
issues to a jury in a criminal case”); Stewart v. State, 686 S.W.2d 118,
124 (Tex. Crim. App. 1984) (en banc).  However, in Harris, the Court of
Criminal Appeals stated that their finding that a refusal to submit a special
issue was not erroneous was not to be construed to say that “a special issue
could never be constitutionally necessary despite the statutory prohibition of
Article 37.07(a).”  Harris, 790 S.W.2d at 579-80.  Indeed, special
issues have been properly used in the guilt-innocence phase of a jury trial for
purposes of making an affirmative finding regarding whether a deadly weapon was
used in the commission of an offense.  See Hill v. State, 913 S.W.2d
581, 584 (Tex. Crim. App. 1996) (en banc).   

The two special issues sought findings that were
jurisdictional elements of the offense of the third degree offense of assault
with bodily injury on a family member.  See Edison v. State, 253 S.W.3d
303, 305 (Tex. App.—Beaumont 2008, no pet.).  The State argues that the use of
the special issues protects the rights of the defendant by allowing the jury to
focus on the underlying offense prior to reaching the jurisdictional elements. 
However, Article 37.07(a)’s language regarding general verdicts is mandatory,
and we do not find that the special issues as submitted were “constitutionally
necessary despite the statutory prohibition of Article 37.07(a).”  Harris,
790 S.W.3d at 579-80.  We find that the submission of the special issues was
erroneous.

Harm Analysis

Having found error in the charge, we must next determine
whether the error was harmful.  It is undisputed that Moore did not object to
the charge as submitted.  Pursuant to Almanza, unobjected-to jury charge
error will not result in reversal of a conviction in the absence of “egregious
harm.”  Almanza, 686 S.W.2d at 171.  

In examining the record for egregious harm, we
consider: 1) the entire jury charge, 2) the state of the evidence, including
the contested issues and the weight of the probative evidence, 3) the final
arguments of the parties, and 4) any other relevant information revealed by the
record of the trial as a whole.  Olivas v. State, 202 S.W.3d at 144. 
Jury charge error is egregiously harmful if it affects the very basis of the
case, deprives the defendant of a valuable right, or vitally affects a
defensive theory.  Stuhler v. State, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); Sanchez v. State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

The Jury Charge

            The jury charge as a whole contains a
definition of third degree assault with bodily injury on a family member in
Paragraph I of the main body of the charge that includes the language that “the
person has been previously convicted of an assault against a member of the
person’s family.”  In the instructions in the second paragraph, a definition of
“previously convicted” is included.  Then the application paragraph defines the
offense of assault with bodily injury on a family member with no reference to
the prior conviction.  No further reference is made to the prior conviction
until the bottom of the page of the general verdict form which contains the
instruction “IF and only if you find Bryan Daniel Moore Guilty of Family
Assault answer Special Issue #1 & 2.”  Each special issue begins with the
statement that the jury had found Moore guilty of assault, and then sought a
finding beyond a reasonable doubt that Moore had committed each of the prior
offenses.  There is little, if anything, in the body of the charge to assist
the jury with the special issues submitted to them.  We find that the jury charge,
taken as a whole, does little to ameliorate the error.

State of the Evidence

 Moore does not contend that the evidence was
legally or factually insufficient regarding any element of the offense,
including the prior convictions.  The state of the evidence is a factor that
weighs in favor of the State.

Final Arguments

            The State argued in its closing
argument that the primary focus of the jury was to be on the assault with
bodily injury and that the priors were separate.  The State did point out that
the jury was required to find that Moore committed the prior offenses beyond a
reasonable doubt, but was only to consider those issues after they determined
whether Moore had committed the assault.  Counsel for Moore argued to the jury
that they take the documents and review them and determine whether Moore was the defendant as alleged and whether family violence was part of the offenses. 
We find that the State’s argument did little to reduce the effect of the error;
if anything, the argument bolstered the charge as written requiring the
findings as being separate from their finding of guilt on the offense as
alleged in the indictment.

Other Relevant Information

            The State contended that the prior
convictions were not to be considered by the jury in determining whether or not
 Moore committed the assault for which he was on trial, beginning in voir dire
and continuing throughout the trial.  However, the prior convictions are
elements of the offense as alleged in the indictment.  While the way the State
presented its case was not erroneous insofar as attempting to ensure that the
jury did not consider the priors in determining Moore’s guilt relating to the
assault itself, and might not have been improper had the charge been correctly
presented, it magnifies the error, which was denying Moore a general verdict on
all of the elements of the offense.

            The erroneous submission of the
special issues relating to the jurisdictional elements must have affected the
very basis of Moore’s case, deprived Moore of a valuable right, or vitally
affected a defensive theory of Moore in order to constitute egregious harm.  Moore complains that the improper charge deprived him of the right to have the jury find
him guilty of all of the elements of the offense because the jury was never
required to make a general finding of guilt as to the third degree offense.  Moore also contends that because special issues are improper in criminal cases, egregious
harm is present because the use of the special issues invades the sanctity of
the closed nature of jury deliberations and might propel the jury to find him
guilty whereas a general verdict might not.  While we agree that the submission
of the jurisdictional elements was erroneous, we do not find it to be
automatically harmful or immune from a harm analysis.  The evidence was
sufficient for the jury to have determined that Moore was the individual that
committed the prior offenses.  Moore was not deprived of a jury determination
beyond a reasonable doubt that he committed those offenses.  While we certainly
do not sanction the use of special issues as was done in this charge, we do not
find that the submission of the jurisdictional elements as special issues in
this case rises to the level of egregious harm.  We overrule issue one.

Conclusion

            We find that the submission of the
special issues was erroneous.  We find that the error did not constitute
egregious harm.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed August 18, 2010

Do not publish

[CR25]