

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00185-CR

TIMOTHY MICHAEL STRUBE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 44574-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

When Longview police were called to the house occupied by Timothy Michael Strube, his wife, Heidi, and their daughter, Sarah,[1] on the night of November 15, 2014, Strube was arrested and charged with family violence assault. After a bench trial, Strube was found guilty of family violence assault, with a prior conviction of family violence assault.[2] Strube was assessed five years' confinement in the Texas Department of Criminal Justice, Institutional Division, by the trial court. In this appeal, Strube challenges the sufficiency of the evidence that he was previously convicted of family violence assault. We find that there was sufficient evidence of his prior conviction, and we affirm the judgment of the trial court.

## I.      Standard of Review

In his only point of error, Strube complains that the evidence was legally insufficient to show that he had previously been convicted of family violence assault. In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trier of fact's verdict to determine whether any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the trier of fact "to fairly resolve conflicts in testimony,

---

[1]The couple's minor daughter will be referred to as "Sarah." *See* TEX. R. APP. P. 9.10(a)(3).

[2]*See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2015).

to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). Further, in a bench trial, the trial court "is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony." *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a measure the courts call a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Since Strube only complains that the evidence was legally insufficient to show that he had previously been convicted of family violence assault, we will only address that part of the State's case. Based on the indictment and the statute, the State had to prove beyond a reasonable doubt that on or about August 6, 2002, Strube (1) was convicted in the County Court of Franklin County in cause number 08879 (2) of an offense under Chapter 22 of the Penal Code (3) against a member of Strube's family or household or with whom he had a dating relationship as described in Chapter 71 of the Family Code. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A); TEX. FAM. CODE ANN. § 71.0021(b) (West Supp. 2015), §§ 71.003, 71.005 (West 2014). Strube does not contest that he was previously convicted of assault under Chapter 22 of the Penal Code in cause number 08879 in the County Court of Franklin County. Rather, he only challenges the sufficiency of

3

evidence showing that the assault in that case was against a member of his family or household or against a person with whom he had a dating relationship.

## II.     Analysis

At trial, the State introduced a copy of the complaint, information, written plea of guilty, judgment, and docket sheet from cause number 08879. Both the complaint and the information alleged that on October 5, 2001, Strube knowingly and intentionally caused injury to a family member, Sherry Beth Seabourn. In his guilty plea, Strube stated to the court that "he [had] read and underst[ood] the complaint and information in [that] cause and judicially confesse[d] that he did commit the offense as alleged in the time, manner, and means alleged in said complaint and information." Also, the judgment recites that after being admonished of the consequences of his plea, Strube "pleaded guilty to the information." The judgment further provides, "The Court having heard the evidence submitted by the State and the argument of counsel, finds [Strube], guilty of the offense of Assault, as charged in the information."

Strube testified that he thought he was pleading guilty to assault, not family violence assault, in cause number 08879. He also denied that he ever lived with Seabourn or that she was a member of his household in October 2001. Although he admitted having sexual relations with Seabourn "every blue moon," he denied that he was in a dating relationship with her.

Strube points out that there was no affirmative finding that the offense involved family violence, as required by the Texas Code of Criminal Procedure Article 42.013. *See* TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006) (providing that if trial court determines the offense involved family violence, it "shall make an affirmative finding of that fact and enter the affirmative

4

finding in the judgment of the case"). However, he also acknowledges that even if the prior offense does not include an affirmative finding of family violence, the State may show that it involved family violence through extrinsic evidence of that fact. *See Vaughn v. State*, No. 06-06-00040-CR, 2007 WL 1373178, at *2 (Tex. App.—Texarkana May 11, 2007, no pet.) (mem. op., not designated for publication);[3] *Mitchell v. State*, 102 S.W.3d 772, 775 (Tex. App.—Austin 2003, pet. ref'd); *Goodwin v. State*, 91 S.W.3d 912, 919 (Tex. App.—Fort Worth 2002, no pet.); *State v. Cagle*, 77 S.W.3d 344, 349 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). He argues, however, that the complaint, information, written guilty plea, and judgment are not sufficient evidence in the face of his denials that Seabourn was a member of his family or household and that he was in a dating relationship with her.[4] We disagree.

Assault with bodily injury is ordinarily a class A misdemeanor, but it can be enhanced to a third degree felony if the offense is committed against a member of the defendant's family or household and "it is shown on the trial of the offense that the defendant has been previously convicted of an offense" against a member of the defendant's family or household, or against someone with whom the defendant has or has had a dating relationship. TEX. PENAL CODE ANN. § 22.01(b)(2)(A); *see* TEX. FAM. CODE ANN. § 71.0021(b), 71.003, 71.005.

We have previously held that the State may meet its burden to show that the defendant was previously convicted of an offense involving family violence through the presentation of extrinsic

---

[3]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[4]Strube also argues that he testified without contradiction that his plea bargain in the prior case reduced the family violence charge to assault. However, the record shows that he only testified that he believed he was pleading to assault, not to family violence assault, and that that is what his attorney represented to him.

evidence. *Vaughn*, 2007 WL 1373178, at *2. In *Vaughn*, the State introduced a copy of the complaint, information, waiver of rights, and judgment. The information charged the defendant with causing bodily injury to a family member, and the judgment adjudicated the defendant guilty "as charged in the information." *Id.* We note that the judgment in *Vaughn* recited that the conviction was for "ASSAULT-FAMILY VIOLENCE" and that the docket sheet also recited that the offense involved family violence. *Id.* In contrast, in this case the judgment recites that the conviction was for "Assault," and the docket sheet does not reference family violence.

However, this case has additional evidence not present in *Vaughn*. In this case, the complaint and the information charged Strube with causing bodily injury to a family member, Seabourn. Strube's written guilty plea recited that he read and understood the complaint and information and that he judicially confessed to the offense as alleged in the complaint and information. A defendant's judicial confession may be used to show that he was previously convicted of an offense involving family violence. *Edison v. State*, 253 S.W.3d 303, 305 (Tex. App.—Beaumont 2008, no pet.); *see Wright v. State*, No. 06-15-00153-CR, 2016 WL 3136883, at *1 (Tex. App.—Texarkana June 6, 2016, no pet. h.) (mem. op., not designated for publication).

In addition, the judgment in cause number 08879 recited that Strube "pleaded guilty to the information" and that after the trial court heard evidence submitted by the State, it found Strube "guilty of the offense of Assault, *as charged in the information*." (Emphasis added). Thus, the documents from the prior proceeding show that Strube pled guilty to family violence assault as alleged in the complaint and information and that the trial court found him guilty of family violence assault, as alleged in the information.

6

Absent evidence of impropriety, we are required "to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court." *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (per curiam) (citing *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975)). Further, recitations in judgments and other records of the trial court "are binding . . . in the absence of direct proof to the contrary." *Martinez v. State*, 504 S.W.2d 897, 899 (Tex. Crim. App. 1974) (citing *Harvey v. State*, 485 S.W.2d 907, 909 (Tex. Crim. App. 1972), *overruled on other grounds by Lippert v. State*, 664 S.W.2d 712 (Tex. Crim. App. 1984)). An appellant's testimony to the contrary "is insufficient to overcome the presumption of regularity in the records." *Id.* (citing *Reeves v. State*, 500 S.W.2d 648, 649 (Tex. Crim. App. 1973)). Thus, although Strube testified in this case that Seabourn was not a member of his family or household and that they did not have a dating relationship, this testimony was insufficient to overcome the presumption that the trial court in cause number 08879 heard evidence that supported its finding that Strube was guilty of assault against a family member, as alleged in the information.

Based on this record, we find that sufficient evidence supports the trial court's finding that Strube had previously been convicted of family violence assault, and we overrule his point of error.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:     August 11, 2016
Date Decided:       August 12, 2016

Do Not Publish

8