Opinion issued April 22, 2010











     



In The
Court of Appeals
For The
First District of Texas




NOS. 01-08-00565-CR &
01-08-00570-CR




JONATHON RUSSELL STAGGS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Court Cause Nos. 07-00352/07-00483




OPINION

          On May 24, 2007, appellant, Jonathon Russell Staggs, pleaded guilty to two
felony charges of assault on a family member under former section 22.01 (a)(1) and
(b)(2) of the Penal Code.


 The trial court assessed punishment at five years’ deferred
adjudication probation. Subsequently, on the State’s motion to revoke probation, the
trial court found appellant guilty of the underlying offenses and the enhancement
paragraphs and assessed punishment at ten years’ imprisonment for each offense with
the sentences to run consecutively. In his sole issue, appellant argues that the trial
court lacked jurisdiction to proceed with a felony prosecution because there was no
evidence to support the finding of a prior family assault.
          We affirm.
BACKGROUND
          In separate indictments, appellant was charged with third-degree felony assault
on two different family members under former section 22.01(a)(1) and (b) of the
Penal Code. Former section 22.01 provided in relevant part:
(a) A person commits an offense if the person: 
(1) intentionally, knowingly, or recklessly causes bodily injury to
another including the person’s spouse;
. . .
(b) An offense under Subsection (a)(1) is a Class A misdemeanor,
except that the offense is a felony of the third degree if the
offense is committed against:
. . . 
(2) a member of the defendant’s family or household, if it is shown on
the trial of the offense that the defendant has been previously convicted
of an offense against a member of the defendant’s family or household
under this section.

See Act of June 17, 2005, 79th Leg., R.S., ch. 728, 2005 Tex. Gen. Laws 2188,
2298–99 (amended 2009) (current version at Tex. Penal Code Ann. § 22.01(a)(1),
(b)(2) (Vernon Supp. 2009)). The first indictment, in Cause No. 07-00352, alleged
that appellant assaulted his mother, Verlene Felps, “a member of his family and
household,” by hitting, pushing, and kicking her. The second indictment, in Cause
No. 07-00483, alleged that appellant assaulted his brother, David Felps, “a member
of his family and household,” by hitting, kicking, and biting him. Both indictments
also stated that appellant “had been previously convicted of an offense against a
member of the Defendant’s family and household, to-wit: assault against MELISSA
PIPPS on October 12, 2006, in Cause No. 251 333, in the County Court at Law #3 of
Jefferson County, Texas.” Appellant pleaded guilty to both charges without an
agreed recommendation as to punishment. 
          For both offenses, appellant signed identical admonishments entitled
“Stipulations, Waivers, & Judicial Admission.” Specifically, he signed a statement
that included the following sentence, “I have read the charging instrument and my
attorney has explained it to me and I committed each and every element alleged. 
. . . I swear that all of the foregoing as well as the testimony I give is the truth, so help
me God.” The documents containing this judicial admission that appellant had
committed each element alleged in the indictments were distinct from his guilty pleas. 
The trial court accepted appellant’s guilty pleas to both offenses, placed appellant on
deferred adjudication community supervision for five years, and assessed a fine of
$1,000. In both cases, appellant’s community supervision was conditioned on 25
requirements.
          On May 7, 2008, the State moved to adjudicate appellant guilty on both counts
for violating several conditions of his community supervision, including failing to
report to his probation officer and failing to enter and complete an anger management
program. Appellant entered pleas of true to the claims that he had not reported to his
probation officer in either February or March 2008 and that he had failed to enter and
complete an anger management course. The trial court adjudicated appellant guilty
in both causes without making a specific finding that the prior conviction alleged in
each cause was true; accepted both pleas of true to the violations of his conditions of
community supervision; and assessed punishment at ten years’ imprisonment for each
offense, with the sentences to run consecutively. The trial court certified appellant’s
cases as eligible for appeal, indicating that they were not plea bargain cases with an
agreed recommendation as to punishment.


DISCUSSION
          In his sole issue, appellant argues that the trial court lacked jurisdiction to
proceed with his assault charge as a felony offense because there was no evidence of
a prior family assault conviction to provide jurisdiction over the third degree felony
offense with which appellant was charged.A person commits assault if he “intentionally, knowingly, or recklessly causes
bodily injury to another, including the person’s spouse.” Tex. Penal Code Ann. §
22.01(a)(1) (Vernon 2003). Such an “offense is a felony of the third degree if the
offense is committed against . . . a member of the defendant’s family or household,
if it is shown on the trial of the offense that the defendant has been previously
convicted of an offense against a member of the defendant’s family or household
under this section.” Id. at § 22.01(b)(2).



          Pursuant to article 1.15 of the Texas Code of Criminal Procedure, the State
must offer sufficient proof to support any judgment based on a guilty or nolo
contendere plea in a felony case tried to the court. Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon 2005); Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App.
1986); Keller v. State, 125 S.W.3d 600, 604 (Tex. App.—Houston [1st Dist.] 2003),
pet. dism’d, improvidently granted, 146 S.W.3d 677 (Tex. Crim. App. 2004). The
State must “introduce evidence into the record showing the guilt of the defendant and
said evidence shall be accepted by the court as the basis for its judgment and in no
event shall a person charged be convicted upon his plea without sufficient evidence
to support the same.” Tex. Code Crim. Proc. Ann. art. 1.15; see Keller, 125 S.W.3d
at 604. “A conviction rendered without sufficient evidence to support a guilty plea
constitutes trial error.” Menefee v. State, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). 
The State, however, is not required to prove the defendant’s guilt beyond a reasonable
doubt; the supporting evidence must simply embrace every essential element of the
charged offense. McGill v. State, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no
pet.). 
          To provide sufficient evidence, the State must enter into the record a showing 
of each essential element of the offense charged. Breaux v. State, 16 S.W.3d 854, 857
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). The “[e]vidence offered in
support of a guilty plea may take many forms.” Menefee, 287 S.W.3d at 13. “The
evidence may be stipulated if the defendant . . . consents in writing, in open court, to
waive the appearance, confrontation, and cross-examination of witnesses, and further
consents either to an oral stipulation of the evidence and testimony or to the
introduction of testimony or to the introduction of testimony by affidavits, written
statements by witnesses, and any other documentary evidence in support of the
judgment of the court.” Tex. Code Crim. Proc. Ann. art. 1.15. 
          A defendant who pleads guilty does not need to concede to the veracity of the
evidence to which he stipulates, but if he does, the court will consider the stipulation
to be a judicial confession. Stone v. State, 919 S.W.2d 424, 426 (Tex. Crim. App.
1996); Barnes v. State, 103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003, no
pet.); Wright v. State, 930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no pet.). A
judicial confession must be separate and independent from the plea itself and is
sufficient to support a guilty plea if the defendant “enter[s] a sworn written statement
. . . admitting his culpability or at least acknowledging generally that the allegations
against him are in fact true and correct . . . so long as such a judicial confession
covers all of the elements of the charged offense . . . .” Menefee, 287 S.W.3d at 13. 
“A judicial confession alone is sufficient evidence to sustain a conviction upon a
guilty plea under article 1.15.” Stewart v. State, 12 S.W.3d 146, 148 (Tex.
App.—Houston [1st Dist.] 2000, no pet.) (citing Dinnery v. State, 592 S.W.2d 343,
353 (Tex. Crim. App. 1979)). Moreover, a judicial confession can be sufficient proof
of previous convictions involving family violence. See Edison v. State, 253 S.W.3d
303, 305 (Tex. App.—Beaumont 2008, no pet.) (indicating that prior assault on
family member is element of crime of assault on family member under section
22.01(b)(2) of Penal Code; that “[t]he previous conviction for assault against a family
or household member must be shown at trial to elevate the offense from a Class A
misdemeanor to a third degree felony;” and that judicial confession to prior
conviction for family assault alleged in the indictment is sufficient to support third
degree felony conviction for assault on a family member under article 22.01(b)(2)).
          Here, appellant made a valid judicial confession in which he admitted that he
committed each and every element of the third-degree felony offense of assault on a
family member alleged in the charging instruments, including the element of having
been previously convicted of an offense against a family member. A valid judicial
confession is sufficient to sustain a conviction upon a guilty plea under article 1.15
of the Code of Criminal Procedure. Stewart, 12 S.W.3d at 148; Edison, 253 S.W.3d
at 305. We hold that the State carried its evidentiary burden of proving appellant
guilty of third degree felony assault on a family member under former section
22.01(a) and (b) of the Penal Code. 
          Appellant disagrees, however, with Edison’s holding that a defendant’s judicial
confession to a prior conviction for family assault alleged in the indictment is
sufficient to support a third degree felony conviction for assault on a family member. 
See 253 S.W.3d at 305. He contends that, in a section 22.01(b)(2) case, “the prior
conviction is more than an element to the offense. It is the jurisdictional foundation
for the third degree felony offense set out in section 22.01(b)(2),” and that, “at the
adjudication hearing, the trial court should have obtained some oral stipulation on the
record of whether the prior allegation was true or not.” He relies on Gant v. State to
support his argument. See 606 S.W.2d 867, 871 (Tex. Crim. App. 1980). Appellant’s
reliance is misplaced. 
          Gant was a jury trial. The court held that a phrase in the felony theft statute
stating “and the defendant has been previously convicted two or more times of any
grade of theft” constituted a jurisdictional element of the particular offense
proscribed, rather than an enhancement provision for punishment purposes, and,
therefore, it had to be both alleged and charged in the trial before the jury was
authorized to render a general verdict that the defendant was of guilty of the felony
offense. 606 S.W.2d at 871. The court did not hold that a judicial confession to a
prior assault was insufficient to satisfy this standard in a case, like this one, where the
defendant judicially confessed to the prior assault prior to his conviction upon a
guilty plea. Edison, however, was a sexual assault case in which the defendant pled
guilty. The Beaumont Court of Appeals held, like the Court of Criminal Appeals in
Gant, that a prior conviction for family assault must be shown prior to conviction to
elevate the offense of assault on a family member from a Class A misdemeanor under
section 22.01(a)(1) of the Penal Code to a third degree felony under section
22.01(b)(2) of the Code, and it further held that such showing can be made by a
judicial confession voluntarily offered in conjunction with a guilty plea. 253 S.W.3d
at 305. Edison is therefore consistent with the Court of Criminal Appeals’ holding
in Gant that when a prior conviction is an element of an offense, as it is here, the prior
conviction must be alleged and charged and proved prior to conviction for felony
sexual assault, rather than being stipulated to as true in the punishment phase. 
          Here, the indictment alleged that appellant “had been previously convicted of
an offense against a member of the defendant’s family and household.” Appellant
pleaded guilty and judicially confessed to each element of the third degree felony
offense, including the element of having been previously convicted of assault on a
family member. The requirements for sustaining his conviction set out in Gant and
Edison were thus satisfied. Appellant has failed to demonstrate any reason why his
case should not be subject to the rule that a valid judicial confession is sufficient to
sustain a conviction upon a guilty plea. 
          We conclude that the trial court had adequate evidence of a prior family assault
conviction to establish felony jurisdiction over appellant.
          We overrule appellant’s sole issue on appeal. 
CONCLUSION
          We affirm the judgment of the trial court.

 

 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Sharp, and Massengale.

Publish. Tex. R. App. P. 47.2(b).