Opinion filed April 5,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00201-CR 

                                                    __________

 

                              MARCUS
RAY ROBERTS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR20105

 



 

M E M O R A N D
U M   O P I N I O N

 

            The
grand jury indicted Marcus Ray Roberts for delivery of a controlled substance
in a drug-free zone.  See Tex.
Health & Safety Code Ann. § 481.112 (West 2010), § 481.134 (West Supp.
2011).  Roberts entered an open plea of guilty.  The trial court found Roberts
guilty, assessed his punishment at confinement in the Institutional Division of
the Texas Department of Criminal Justice for a term of eight years, and
certified Roberts’s right to appeal.  Roberts filed a motion for new trial,
which the trial court denied.  On appeal, Roberts contends that the evidence
was insufficient to support his guilty plea as required by Article 1.15 of the
Texas Code of Criminal Procedure.  We affirm.  

When
a defendant knowingly, intelligently, and voluntarily enters a plea of guilty,
the traditional standard of review for sufficiency does not apply.  Ex parte
Martin, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988).  A plea of guilty is an
admission of guilt of the offense charged.  However, when a defendant pleads
guilty before the trial court to a noncapital felony offense, a conviction is
not authorized unless there is evidence offered to support such plea and the
judgment to be entered.  Tex. Code Crim.
Proc. Ann. art. 1.15 (West 2005) (“[I]n no event shall a person charged
be convicted upon his plea without sufficient evidence to support the same.”); Menefee
v. State, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).  When the defendant
enters a guilty plea, there is no requirement that the supporting evidence
prove the defendant’s guilt beyond a reasonable doubt.  Martin, 747
S.W.2d at 792; Staggs v. State, 314 S.W.3d 155, 159 (Tex. App.—Houston
[1st Dist.] 2010, no pet.); McGill v. State, 200 S.W.3d 325, 330 (Tex.
App.—Dallas 2006, no pet.).  Rather, in reviewing the sufficiency of the State’s
evidence, we will affirm the trial court’s judgment if the evidence embraces
every essential element of the offense charged.  Stone v. State, 919
S.W.2d 424, 427 (Tex. Crim. App. 1996); Staggs, 314 S.W.3d at 159; McGill,
200 S.W.3d at 330.  A judicial confession will suffice to support a guilty plea
as long as the confession covers all of the elements of the charged offense.  Menefee,
287 S.W.3d at 13. A conviction rendered without sufficient evidence to support
a guilty plea constitutes trial error.  Id. at 14.

            Roberts
asserts in two issues that the evidence was insufficient to support his guilty
plea.  Specifically, Roberts argues that (1) the evidence failed to establish
that the referenced delivery of a controlled substance occurred within 1,000
feet of a drug-free zone and (2) the evidence failed to establish that the
referenced delivery of a controlled substance occurred within 1,000 feet of a
premises owned by the City of Brownwood, to-wit: a playground called Coggin
Park.  Roberts combines these
issues in his brief and generally asserts that there was no evidence that the
delivery of cocaine occurred within 1,000 feet of a drug-free zone that was
described in the indictment as a playground owned by the City of Brownwood and,
thus, there was insufficient evidence to support his guilty plea.

            The indictment
charged Roberts with the following:

Marcus
Ray Roberts . . . on or about the 2nd day of September, 2008 . . .
did then and there knowingly deliver, by actual or constructive transfer, to
William Gandy, a controlled substance namely, Cocaine, in an amount of less
than one gram;

 

And
it is further presented in and to said Court that the defendant committed the
above offense within 1000 feet of, the premises owned by [the] City of
Brownwood, a playground, to-wit:  Coggin Park located at 2001 Austin Avenue,
Brownwood, Texas.

 

In addition to
entering an open plea of guilty, Roberts signed a judicial confession under
oath admitting that his name was spelled correctly in the indictment, that he
had read the indictment, that he committed each and every act alleged in the
indictment, and that all of the facts alleged in the indictment were true and
correct.  The signed judicial confession was admitted into evidence.  Roberts testified
that he was able to read and understand the written admonishments, jury waiver,
and judicial confession that he signed.

            Roberts’s judicial confession covered
all of the elements of the charged offense as he admitted to committing each and every act
alleged in the indictment and admitted that all of the facts that were alleged
in the indictment were true and correct.  Thus, Roberts’s judicial confession
alone is sufficient to support his guilty plea.  See id. at 13.

            In addition, Roberts testified that he
handed drugs to William Gandy at Coggin Park and that James Banks, also known
as Binky, drove the car to the delivery site.  Furthermore, Bruce Spruill, a
detective with the City of Brownwood, testified that on September 2, 2008, he
arranged for Gandy, a confidential informant, to purchase crack cocaine from
Banks and Roberts.  Detective Spruill wired Gandy with an audio-video recording
device and performed surveillance on Gandy’s vehicle during the delivery. 
Gandy met Banks and Roberts by the tennis courts at Coggin Park.  Roberts got
out of the passenger side of the vehicle driven by Banks, approached the
driver’s window of Gandy’s vehicle, and delivered the crack cocaine to Gandy
through the window.  Detective Spruill met with Gandy after the delivery and
recovered the purchased drugs to send them to the crime lab for testing.  The
substance submitted to the crime lab contained .15 grams of cocaine.  The
audio-video recording of the transaction was admitted into evidence.

            The offense of
delivery of a controlled substance in an amount of less than one gram, under Section
481.112(b) of the Texas Health and Safety Code, is punishable as a felony of
the third degree if the offense was committed “in, on, or within 1,000 feet of
premises owned, rented, or leased by an institution of higher learning, the
premises of a public or private youth center, or a playground.”  Sections 481.112(b),
481.134(b)(1).  “Playground” is defined as any outdoor facility that
is not on the premises of a school and that is intended for recreation; is open
to the public; and contains three or more play stations intended for the
recreation of children, such as slides, swing sets, and teeterboards.  Id.
§ 481.134(a)(3).

            Detective Spruill further
testified that Coggin Park is open to the public and contains a playground with
three or more play stations intended for the recreation of children.  The
playground is not on the premises of a school.  From Detective Spruill’s visual
inspection, the drug transaction occurred within 1,000 feet of Coggin Park.

            We have reviewed the
evidence and hold that it is sufficient to support Roberts’s plea of guilty as
required by Article 1.15.  Detective Spruill testified that Roberts
delivered the cocaine to Gandy within 1,000 feet of Coggin Park and that Coggin
Park contained a playground as defined by Section 481.134(a)(3).  Roberts
judicially confessed that all
of the facts that were alleged in the indictment were true and correct.  Thus,
Roberts admitted that he delivered cocaine within 1,000 feet of a playground
named Coggin Park and owned by the City of Brownwood.     We overrule Roberts’s
two issues.

            The judgment of the trial
court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

April 5, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.