**Opinion filed April 5, 2012**



In The

# Eleventh Court of Appeals

—————

## No. 11-10-00201-CR

—————

## MARCUS RAY ROBERTS, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CR20105

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Marcus Ray Roberts for delivery of a controlled substance in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010), § 481.134 (West Supp. 2011). Roberts entered an open plea of guilty. The trial court found Roberts guilty, assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eight years, and certified Roberts's right to appeal. Roberts filed a motion for new trial, which the trial court denied. On appeal, Roberts contends that the evidence

was insufficient to support his guilty plea as required by Article 1.15 of the Texas Code of Criminal Procedure. We affirm.

When a defendant knowingly, intelligently, and voluntarily enters a plea of guilty, the traditional standard of review for sufficiency does not apply. *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988). A plea of guilty is an admission of guilt of the offense charged. However, when a defendant pleads guilty before the trial court to a noncapital felony offense, a conviction is not authorized unless there is evidence offered to support such plea and the judgment to be entered. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005) ("[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."); *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). When the defendant enters a guilty plea, there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *Martin*, 747 S.W.2d at 792; *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Rather, in reviewing the sufficiency of the State's evidence, we will affirm the trial court's judgment if the evidence embraces every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *Staggs*, 314 S.W.3d at 159; *McGill*, 200 S.W.3d at 330. A judicial confession will suffice to support a guilty plea as long as the confession covers all of the elements of the charged offense. *Menefee*, 287 S.W.3d at 13. A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error. *Id.* at 14.

Roberts asserts in two issues that the evidence was insufficient to support his guilty plea. Specifically, Roberts argues that (1) the evidence failed to establish that the referenced delivery of a controlled substance occurred within 1,000 feet of a drug-free zone and (2) the evidence failed to establish that the referenced delivery of a controlled substance occurred within 1,000 feet of a premises owned by the City of Brownwood, to-wit: a playground called Coggin Park. Roberts combines these issues in his brief and generally asserts that there was no evidence that the delivery of cocaine occurred within 1,000 feet of a drug-free zone that was described in the indictment as a playground owned by the City of Brownwood and, thus, there was insufficient evidence to support his guilty plea.

The indictment charged Roberts with the following:

> Marcus Ray Roberts . . . on or about the 2nd day of September, 2008 . . .
> did then and there knowingly deliver, by actual or constructive transfer, to

> William Gandy, a controlled substance namely, Cocaine, in an amount of less than one gram;

> And it is further presented in and to said Court that the defendant committed the above offense within 1000 feet of, the premises owned by [the] City of Brownwood, a playground, to-wit: Coggin Park located at 2001 Austin Avenue, Brownwood, Texas.

In addition to entering an open plea of guilty, Roberts signed a judicial confession under oath admitting that his name was spelled correctly in the indictment, that he had read the indictment, that he committed each and every act alleged in the indictment, and that all of the facts alleged in the indictment were true and correct. The signed judicial confession was admitted into evidence. Roberts testified that he was able to read and understand the written admonishments, jury waiver, and judicial confession that he signed.

Roberts's judicial confession covered all of the elements of the charged offense as he admitted to committing each and every act alleged in the indictment and admitted that all of the facts that were alleged in the indictment were true and correct. Thus, Roberts's judicial confession alone is sufficient to support his guilty plea. *See id.* at 13.

In addition, Roberts testified that he handed drugs to William Gandy at Coggin Park and that James Banks, also known as Binky, drove the car to the delivery site. Furthermore, Bruce Spruill, a detective with the City of Brownwood, testified that on September 2, 2008, he arranged for Gandy, a confidential informant, to purchase crack cocaine from Banks and Roberts. Detective Spruill wired Gandy with an audio-video recording device and performed surveillance on Gandy's vehicle during the delivery. Gandy met Banks and Roberts by the tennis courts at Coggin Park. Roberts got out of the passenger side of the vehicle driven by Banks, approached the driver's window of Gandy's vehicle, and delivered the crack cocaine to Gandy through the window. Detective Spruill met with Gandy after the delivery and recovered the purchased drugs to send them to the crime lab for testing. The substance submitted to the crime lab contained .15 grams of cocaine. The audio-video recording of the transaction was admitted into evidence.

The offense of delivery of a controlled substance in an amount of less than one gram, under Section 481.112(b) of the Texas Health and Safety Code, is punishable as a felony of the third degree if the offense was committed "in, on, or within 1,000 feet of premises owned, rented, or leased by an institution of higher learning, the premises of a public or private youth center, or a playground." Sections 481.112(b), 481.134(b)(1). "Playground" is defined as any

outdoor facility that is not on the premises of a school and that is intended for recreation; is open to the public; and contains three or more play stations intended for the recreation of children, such as slides, swing sets, and teeterboards. *Id.* § 481.134(a)(3).

Detective Spruill further testified that Coggin Park is open to the public and contains a playground with three or more play stations intended for the recreation of children. The playground is not on the premises of a school. From Detective Spruill's visual inspection, the drug transaction occurred within 1,000 feet of Coggin Park.

We have reviewed the evidence and hold that it is sufficient to support Roberts's plea of guilty as required by Article 1.15. Detective Spruill testified that Roberts delivered the cocaine to Gandy within 1,000 feet of Coggin Park and that Coggin Park contained a playground as defined by Section 481.134(a)(3). Roberts judicially confessed that all of the facts that were alleged in the indictment were true and correct. Thus, Roberts admitted that he delivered cocaine within 1,000 feet of a playground named Coggin Park and owned by the City of Brownwood. We overrule Roberts's two issues.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


April 5, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4