**Opinion issued June 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00665-CR**

———————————

**ARMANDO SOSA, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1369717**

---

**MEMORANDUM OPINION**

Appellant, Armando Sosa, Jr., was charged by indictment with aggravated

robbery.[1]  Appellant pleaded guilty.  The trial court found him guilty and assessed

---

[1]     *See* TEX. PENAL CODE ANN. §§ 29.02(a)(1), 29.03(a)(2) (Vernon 2011),
     § 31.03(a), (b)(1) (Vernon Supp. 2013).

punishment at 20 years' confinement.  In one issue on appeal, Appellant argues that the State failed to offer sufficient evidence to support his plea of guilty.

We affirm.

## Background

The State charged appellant with aggravated robbery.  Appellant ultimately pleaded guilty to the offense.  As a part of his plea, Appellant signed a judicial confession.  Appellant's signature on the confession was notarized.  The confession was also signed by Appellant's attorney, the prosecutor, and the trial court.  The confession provides, in pertinent part,

> The charges against me allege that in Harris County, Texas, Armando Sosa, hereafter styled the Defendant, heretofore on or about November 8, 2012, did then and there unlawfully, while in the course of committing theft of property owned by [the complainant], and with intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to [the complainant], and the Defendant did then and there use and exhibit a deadly weapon, namely, a knife.
>
> Against the peace and dignity of the State.
>
> I understand the above allegations and confess that they are true and that the acts alleged above were committed on 11.8.2012.
>
> In open court I consent to the oral and written stipulation of evidence in this case and to the introductions of affidavits, written statements, of witnesses, and other documentary evidence.

The confession also contained a paragraph above the trial court's signature. That paragraph provides, in pertinent part, "This document was executed by the

2

defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty." This document is included in the appellate record as a part of the clerk's record.

<strong>Sufficiency of Evidence in Support of Guilty Plea</strong>

In his sole issue, Appellant argues the State failed to offer sufficient evidence to support his plea of guilty.

## A.     Standard of Review

When he pleads guilty, a criminal defendant waives his right to challenge the sufficiency of the evidence. *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam); *see also Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In such cases, we confine our review of the sufficiency of the evidence to determining whether the evidence supports the conviction under article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005) (stating that State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."); *Keller*, 125 S.W.3d at 605 (citing TEX. CODE

CRIM. PROC. ANN. art. 1.15 (West 2005)). The State must offer sufficient proof to support any judgment based on a guilty plea in a felony case tried before a court. *Keller*, 125 S.W.3d at 604 (citation omitted); *see also Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). "The State, however, is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence must simply embrace every essential element of the charged offense." *Staggs*, 314 S.W.3d at 159.

**B.     Analysis**

Article 1.15 of the Texas Code of Criminal Procedure requires the State to "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." TEX. CODE CRIM. PROC. ANN. art. 1.15; *see Menefee v. State*, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009). The evidence supporting a guilty plea may take several forms. *Menefee*, 287 S.W.3d at 13. Article 1.15 provides that

> the evidence may be stipulated if the defendant in such a case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.

TEX. CODE CRIM. PROC. ANN. art. 1.15.

The State argues that the facts of this case are identical to the facts of *Rexford v. State*, 818 S.W.2d 494 (Tex. App.—Houston [1st Dist.] 1991), *pet ref'd* 823 S.W.2d 296 (Tex. Crim. App. 1991). We agree. In *Rexford*, the defendant had pleaded guilty to a charge of sexual assault. *Id.* at 495. On appeal, the defendant argued the evidence was insufficient to support his plea of guilty. *Id.* As here, the defendant had signed and notarized a judicial confession. The confession identified the elements of the crime for which he had been charged. *Id.* "The document further stated that [the defendant] confessed that the allegations were true." *Id.* In addition to defendant's signature, the confession contained the signature of the defendant's attorney, the prosecutor, and the trial court. *Id.* As here, the confession was never formally admitted into evidence, but the document stated that it was executed by the defendant, filed with the papers of the case, and approved by the trial court. *Id.* Based on these facts, we held the confession was accepted and considered by the court and, accordingly, constituted sufficient support to his plea of guilty. *Id.*

All relevant facts present in *Rexford* are present in this case. Because there is no legally-significant distinction between *Rexford* and this case, the holding of *Rexford* applies. Accordingly, we hold there is sufficient supporting evidence to uphold Appellant's plea of guilty. We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).