**Opinion filed January 8, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00062-CR

_____

## THOMAS EDGAR LEE, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 14980**

## M E M O R A N D U M   O P I N I O N

Thomas Edgar Lee, Jr. pleaded guilty to aggravated sexual assault of a child.[1]  The trial court found him guilty and assessed punishment at confinement for ninety-nine years, and it also assessed a $10,000 fine.  Appellant challenges the sufficiency of the evidence to support his conviction, and he also challenges the trial court's admission of certain evidence.  We affirm.

---

[1]*See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014).

## I. *The Charged Offense*

The grand jury indicted Appellant for aggravated sexual assault of a child, and the indictment contained the following:

> **THOMAS EDGAR LEE, JR.**, hereinafter styled Defendant, on or about **January 22, 2013**, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally or knowingly cause the penetration of the mouth of L.H., a child who was then and there younger than 6 years of age, by the defendant's sexual organ.

A person commits the offense of aggravated sexual assault of a child when he "intentionally or knowingly . . . causes the penetration of the mouth of a child by the sexual organ of the actor" and "the victim is younger than 14 years of age." PENAL § 22.021(a)(1)(B)(ii), (a)(2)(B). Aggravated sexual assault of a child is a first-degree felony. *Id.* § 22.021(e). The punishment range for a first-degree felony is imprisonment for life or for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000. *Id.* § 12.32 (West 2011). If the victim of aggravated sexual assault of a child "is younger than six years of age at the time the offense is committed," then the "minimum term of imprisonment . . . is increased to 25 years." *Id.* § 22.021(f)(1).

## II. *Evidence at Trial*

Prior to trial, Appellant signed a sworn judicial confession or guilty plea memorandum. In the guilty plea memorandum, Appellant acknowledged, in part, as follows:

> In accordance with Article 1.15, C.C.P., the Defendant now consents, in writing and in open Court, to waive the appearance, confrontation and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony affidavits, written statements of witnesses and any other documentary evidence in support of the judgment of the Court.

When he executed the memorandum, Appellant admitted that he "committed each and every element alleged [in the indictment]; and that [he is] guilty of all offenses charged therein"; he also stipulated to the State's evidence. Before Appellant pleaded guilty, the trial court admonished him and informed him of his rights. Appellant indicated that he understood that he was entitled to a trial on guilt or innocence where the State would have the burden to prove, beyond a reasonable doubt, each element of the offense. He answered affirmatively that he understood that in a trial he could confront and cross-examine witnesses. Appellant said that he understood the presumption of innocence and that he did not have to prove his innocence or testify at trial. He also said that he understood that he did not have to incriminate himself at trial but that a guilty plea "is the ultimate incrimination."

Appellant then answered affirmatively that he understood that he could not withdraw his plea if he disagreed with the punishment he received. He indicated that he understood the charge against him and the range of punishment and that he also understood that he was not eligible for probation, deferred adjudication, or early release from prison. Appellant also confirmed that he had read and reviewed the guilty plea memorandum and discussed its contents with his attorney and that he did not have any questions about it. Appellant answered affirmatively when asked whether he signed the guilty plea memorandum freely and voluntarily. He acknowledged that he signed it without any threats made to him, that no one forced him to sign it, that he did not sign it because of any promises made to him, and that he signed it because he was, in fact, guilty. Appellant's trial counsel stated that he believed Appellant to be competent to enter a guilty plea.

Appellant then pleaded guilty to the indictment in open court. The State presented its prima facie case with documents and the testimony of Jeremy Hampshire, an officer with the Mineral Wells Police Department. Officer Hampshire read from a transcript of a forensic interview with L.H. in which L.H.

3

had said that Appellant was L.H.'s mother's boyfriend and that he lived at L.H.'s mother's house. Officer Hampshire subsequently read that L.H. "stated that [Appellant] had made him suck his pee-pee. . . . [L.H.] stated [Appellant] asked him, if he promised not to poo or pee his pants, he would not make him suck his pee-pee. [L.H.] stated [Appellant] said he wouldn't give him a spanking for pooping his pants as long as he sucked his pee-pee." Officer Hampshire read that L.H. "described [Appellant's] penis. . . . He stated [Appellant] had a white boo-boo on his penis."

Officer Hampshire testified that he contacted Appellant and took photographs of Appellant's penis, and he identified State's Exhibit Nos. 3 and 4 as those photographs. Officer Hampshire testified that Appellant had a "white boo-boo" on his penis as L.H. had described. Officer Hampshire said that he took L.H., who was five years old at the time, for a medical exam. Officer Hampshire subsequently read into evidence the statements that L.H. had made to the nurse during the medical exam: "[Appellant] told me to suck and kiss on his pee-pee because I pooped in my pants. I did it because he told me to do it. He took his pants off and took his pee-pee out. He told me if I tell anybody about that, I'm going to get a spanking."

After the presentation of the State's prima facie case, the trial court found that Appellant had made his guilty plea knowingly and intelligently and that he gave it freely and voluntarily; the court then accepted Appellant's guilty plea and convicted Appellant of the charged offense.

### III. *Issues Presented*

Appellant presents three issues on appeal. In these issues, Appellant asserts that the evidence was insufficient to prove his guilt and that the trial court erred when it erroneously admitted certain evidence during the State's prima facie case.

IV. *Standard of Review*

A trial court can accept and enter a defendant's guilty plea after the State has adduced evidence to support the plea and the judgment that the court will enter. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005) ("[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."); *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error. *Menefee*, 287 S.W.3d at 14.

But when a defendant knowingly, intelligently, and voluntarily enters a plea of guilty, we do not apply the traditional standard of review for sufficiency of the evidence. *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988). Rather, we will affirm the trial court's judgment if the evidence embraces every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Furthermore, the State's evidence does not have to show a defendant's guilt beyond a reasonable doubt when he enters a guilty plea. *Martin*, 747 S.W.2d at 792; *Staggs*, 314 S.W.3d at 159; *McGill*, 200 S.W.3d at 330.

We review a trial court's decision to admit evidence over objection under an abuse of discretion standard and will not reverse that decision absent a clear abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement. *Id.*

V. *Analysis*

A. *Issues One and Two: Sufficiency of the evidence*

Evidence is sufficient if it "embraces every constituent element of the charged offense." *Menefee*, 287 S.W.3d at 13; *see also Ex parte Williams*, 703

5

S.W.2d 674, 678 (Tex. Crim. App. 1986) (citing *Franklin v. State*, 144 S.W.2d 581 (Tex. Crim. App. 1940)). Furthermore, "[e]vidence offered in support of a guilty plea may take many forms." *Menefee*, 287 S.W.3d at 13.

A review of the record indicates that the trial court properly admonished Appellant and that, thereafter, Appellant knowingly, intelligently, and voluntarily pleaded guilty. *See* CRIM. PROC. art. 26.13 (West Supp. 2014). Appellant signed a sworn judicial confession that included each element of the offense and stipulated to evidence adduced by the State in its prima facie case. Appellant's judicial confession alone is enough to support his guilty plea. *See Menefee*, 287 S.W.3d at 13; *see also Rexford v. State*, 818 S.W.2d 494, 495 (Tex. App.—Houston [1st Dist.]), *pet. ref'd*, 823 S.W.2d 296 (Tex. Crim. App. 1991). Contrary to Appellant's assertion, an outcry witness is not "required by law" to testify at trial in support of a guilty plea.

Moreover, Officer Hampshire testified without objection, and his testimony included each element as charged in the indictment. Officer Hampshire's testimony showed that Appellant intentionally or knowingly caused the penetration of the mouth of L.H., who was five years old, by Appellant's sexual organ. The adduced evidence was sufficient support Appellant's guilty plea and conviction. *See* CRIM. PROC. art. 1.15; *Menefee*, 287 S.W.3d at 13; *Stone*, 919 S.W.2d at 427; *Martin*, 747 S.W.2d at 791. We overrule Appellant's first and second issues.

*B. Issue Three: Admission of Evidence*

Appellant asserts that the trial court erred when it admitted Officer Hampshire's testimony when the officer did not have personal knowledge of the facts of the case and his testimony included inadmissible hearsay. When a party offers inadmissible evidence, the opposing party must timely object and obtain an adverse ruling from the trial court in order to preserve the error for appeal. TEX. R. APP. P. 33.1(a); *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) ("A

6

defendant must make a timely objection in order to preserve an error in the admission of evidence."). Appellant did not object to Officer Hampshire's testimony at trial. Appellant further stipulated to the evidence adduced by the State in its case, and as a result, Appellant has waived his complaints. *See* TEX. R. APP. P. 33.1; *Dinkins*, 894 S.W.2d at 355. We overrule Appellant's final issue.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


January 8, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.