**Opinion filed September 18, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00211-CR

_____

## JEREMY DUANE BUSBY A/K/A JEREMY DUANE MATT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 17061**

### M E M O R A N D U M   O P I N I O N

Appellant, Jeremy Duane Busby a/k/a Jeremy Duane Matt, entered an open plea of guilty to the offense of unlawful possession of a firearm by a felon and a plea of "true" to an enhancement allegation. *See* TEX. PENAL CODE ANN. § 12.42(a) (West 2019), § 46.04(a) (West Supp. 2024). The trial court found Appellant guilty,

found the enhancement allegation to be "true," and assessed his punishment at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice and a $2,500 fine. However, the trial court suspended the imposition of the confinement portion of the sentence and placed Appellant on community supervision for ten years. Appellant challenges his conviction in two issues. We affirm.

*Background Facts*

On February 23, 2018, Game Warden Matt Waggoner initiated a traffic stop when he observed Appellant turn without signaling. According to Game Warden Waggoner, Appellant admitted to drinking five beers before driving and exhibited numerous clues when performing the standard field sobriety tests, resulting in his arrest for driving while intoxicated. At the scene, Appellant admitted that he was a felon and that he had a pistol in his vehicle.

Thereafter, Appellant was indicted for the offense of unlawful possession of a firearm by a felon. The indictment alleged a predicate conviction for the felony offense of possession of a controlled substance, with the conviction occurring on June 11, 2007, in Potter County, in cause number 049834-00-C in the 251st District Court. In the enhancement paragraph, the indictment further alleged that, on or about August 17, 2006, Appellant was previously finally convicted of felony possession of a controlled substance in Harrison County.

On August 21, 2019, Appellant entered a plea of guilty to the charged offense. The trial court admonished Appellant on the range of punishment, including the effect of the prior conviction alleged for enhancement purposes. Appellant indicated that he freely and voluntarily signed the guilty plea memorandum. The trial court informed Appellant that he was waiving his right to appeal his plea of guilty to the offense, and Appellant stated that he understood.

2

At the sentencing hearing, the State offered evidence of Appellant's prior convictions. The State also offered evidence that Appellant had been charged with two offenses since entering his plea of guilty and that he had violated the terms of his supervision.

The trial court again stated at the sentencing hearing that Appellant had waived his right to appeal his plea of guilty and that he had pleaded "true" to the enhancement allegation. The trial court assessed Appellant's punishment at confinement for ten years and a fine of $2,500 but suspended the imposition of the confinement portion of the sentence and placed Appellant on community supervision for ten years. The trial court signed a Certification of Defendant's Right to Appeal that indicated that Appellant waived his "right of appeal as to guilt" and that he had "the right of appeal as to punishment only."

*Analysis*

In two issues, Appellant argues that the evidence is insufficient to support his conviction. In his first issue, Appellant asserts that "the State offered evidence of [a] conviction date other than the one alleged in the indictment." In this regard, Appellant asserts that there was a material variance in the evidence offered in connection with the prior felony conviction that the indictment alleged as the predicate conviction for unlawful possession of a firearm by a felon. Appellant's second issue also concerns the predicate felony conviction. He asserts that the State offered no evidence of his release date from supervision under parole or mandatory supervision following the felony conviction.

*Waiver of Appeal*

As an initial matter, the State asserts that Appellant waived his right to appeal his conviction. Appellant responds that he did not validly waive his right to appeal

his guilty plea because the record does not show that his waiver was in exchange for consideration given by the State.

Generally, criminal defendants have a statutory right to appeal. *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018) (citing TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018)). In a non-capital case, the defendant may waive any rights secured to him by law, including by voluntarily, knowingly, and intelligently waiving the right to appeal. *See id.* at 492–93 (first citing CRIM. PROC. art. 1.14(a); and then citing *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)). "A valid waiver will prevent the defendant from appealing any issue unless the trial court consents to the appeal." *Id.* at 493.

In open plea cases like this one, when a criminal defendant pleads guilty without an agreement regarding the defendant's punishment, "the validity of a pretrial waiver of appeal is in question because the waiver cannot be knowing and intelligent when potential errors cannot be anticipated and the consequences of the waiver are unknown." *Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006). A defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State in exchange for the waver of appeal, even when sentencing is not agreed upon. *Carson*, 559 S.W.3d at 494.

In *Ex parte Broadway*, the court held that the State gave consideration for the defendant's waiver of appeal in an open plea of guilty when it consented to the defendant's waiver of a jury trial. 301 S.W.3d 694, 697–98 (Tex. Crim. App. 2009). In that case, the defendant wished to plead open to the trial court because a jury could not place him on deferred adjudication, but the trial court could. *Id.* at 698. The record showed that the State did not want to consent to the defendant's waiver of a jury trial but did so in exchange for the defendant's waiver of his right to appeal. *Id.* at 697–98. However, "[c]onsent to proceed to a bench trial, thus waiving the

right to a jury trial, by itself is not sufficient to qualify as consideration for defendant's waiver of his right to appeal." *Carson*, 559 S.W.3d at 494. In this regard, the record must show that the State gave up its right to a jury in exchange for the defendant's waiver of his right to appeal. *Id.*

The record in this appeal is not developed concerning the consideration, if any, given by the State for Appellant's waiver of appeal. At the trial court level, there was no discussion of what led to Appellant's decision to waive his right of appeal. On appeal, the State asserts that a waiver of appeal is effective in an open plea if it is supported by consideration. However, the State does not identify the consideration it gave for Appellant's wavier of the right to appeal.

As in *Broadway*, Appellant was not eligible for deferred adjudication from a jury, only from the trial court. *See* CRIM. PROC. art. 42A.101–.102; *Broadway*, 301 S.W.3d at 696. The State alluded to this fact when it argued that Appellant waived his right to a jury trial because a jury could not place him on deferred adjudication. But unlike in *Broadway* and *Carson*, the record here does not show that the State wished to have a jury trial and that it would only agree to forego one if Appellant agreed to waive an appeal. Here, we simply have Appellant waiving his right to a jury trial and waiving his right to appeal; there is no discussion of the State's preference for a jury trial or its concession in exchange for Appellant's waiver of appeal. As such, Appellant did not waive his right of appeal because the appellate record does not reflect that his wavier was in exchange for consideration given by the State. *See Carson*, 559 S.W.3d at 493–94; *Washington v. State*, 363 S.W.3d 589, 590 (Tex. Crim. App. 2012) (per curiam).

*Sufficiency of the Evidence*

As relevant to this appeal, a person who has been previously convicted of a felony commits an offense if he possesses a firearm after his conviction and the fifth

anniversary of his release from confinement or his release from supervision under community supervision, parole, or mandatory supervision, whichever date is later, at any location other than the premises at which he lives. PENAL § 46.04(a)(2). The indictment charged Appellant as follows:

> THE GRAND JURY, for the County of Palo Pinto, State of Texas, duly selected, impaneled, sworn, charged, and organized as such at the **January Term 2019** of the 29th Judicial District Court for said County, upon their oaths present in and to said Court, at said term that **JEREMY DUANE BUSBY a/k/a JEREMY DUANE MATT**, hereinafter styled Defendant, on or about **February 23, 2018**, and before the presentment of this indictment, in the County and State aforesaid, did then and there, having been convicted of the felony offense of Possession of a Controlled Substance on June 11, 2007, in cause number 049834-00-C in the 251st District Court of Potter County, Texas, intentionally and knowingly possess a firearm after the fifth anniversary of the defendant's release from supervision under parole or mandatory supervision following conviction of the felony at a location other than the premises at which the defendant lived.

In his first issue, Appellant asserts that there was a material variance in the evidence because the indictment alleged that his predicate felony conviction occurred on June 11, 2007, and the pen packet admitted by the trial court showed that the predicate felony conviction occurred on either June 7, 2007 or June 8, 2007.

When a defendant waives his right to a jury trial and pleads guilty, the State is required to introduce evidence showing that the defendant is guilty of the charged offense. CRIM. PROC. art. 1.15; *see Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). "Evidence offered in support of a guilty plea may take many forms," and such evidence is sufficient "to support the guilty plea so long as it embraces every constituent element of the charged offense." *Menefee*, 287 S.W.3d at 13 (stating that written stipulation of evidence or judicial confession may be offered to support guilty plea); *see Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—

Houston [1st Dist.] 2010, no pet.) (holding that, when defendant pleads guilty, "[t]he State . . . is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence must simply embrace every essential element of the charged offense" and that "[a] judicial confession alone is sufficient evidence to sustain a conviction upon a guilty plea under [A]rticle 1.15" when it addresses each essential element of the crime).

Here, Appellant executed a guilty plea memorandum containing a "Sworn Judicial Confession" wherein he stated under oath that he had read the charging instrument against him and that he "committed each and every element alleged therein; and that [he is] guilty of all offenses charged therein." Both Appellant's guilty plea memorandum and the pen packet were admitted at trial without objection.

The State does not need to allege a predicate prior offense with the same particularity that is required in charging a main offense. *See Human v. State*, 749 S.W.2d 832, 835–37 (Tex. Crim. App. 1988) (op. on reh'g). "The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question of whether he is the named convict therein." *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (quoting *Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978)). Variances between an allegation of a prior conviction and the proof in regard to cause numbers, courts, and dates of conviction have all been held to be immaterial. *Human*, 749 S.W.2d at 837; *Freda v. State*, 704 S.W.2d 41, 42–43 (Tex. Crim. App. 1986); *Arce v. State*, 552 S.W.2d 163, 164 (Tex. Crim. App. 1977). A variance between the allegations and the proof will not render the evidence insufficient if the defendant was not surprised or prejudiced by the variance. *See Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001); *Rojas v. State*, 986 S.W.2d 241, 246 (Tex. Crim. App. 1998); *Human*, 749 S.W.2d at 836; *see also* TEX. R. APP. P. 44.2(b).

Here, Appellant's written judicial confession to the charged offense included the predicate felony conviction alleged in the indictment. It constituted evidence supporting his guilty plea. Further, Appellant did not object to either the indictment or the record of conviction for the predicate offense and he did not claim any surprise or variance between the two documents. Thus, to the extent that there was a variance between the two documents, it was immaterial. We conclude that sufficient evidence was offered to support Appellant's guilty plea. *See* CRIM. PROC. art. 1.15. We overrule Appellant's first issue.

In his second issue, Appellant asserts that the evidence is insufficient to support his conviction because the State did not offer evidence of his release from supervision under parole or mandatory supervision following the predicate felony conviction. He contends that without this evidence, there is no proof that more than five years elapsed after his release from confinement or his release from supervision under community supervision, parole, or mandatory supervision.

As was the case with Appellant's first issue, his contention in his second issue ignores the fact that he executed a written judicial confession to the offense as charged in the indictment that was admitted into evidence without objection, and that his confession constitutes evidence supporting his guilty plea. *See Menefee*, 287 S.W.3d at 13. Furthermore, as pointed out by the State, a felon is prohibited from possessing a weapon in any location after his or her release from confinement or supervision, and then once five years have passed, a felon may only possess a weapon within the confines of his or her residence. *See* PENAL § 46.04(a)(1), (2). Because the indictment charged Appellant with possession of a firearm at a place other than his residence, evidence of the date of his release from confinement or supervision was unnecessary to prove his guilt under Section 46.04(a).

Accordingly, we also overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


September 18, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.