

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00309-CR

———————————————

KIWINOSKEY WALKER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. F18-2575-431

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

Appellant Kiwinoskey Walker appeals his conviction for assault–family violence enhanced. In two issues, Walker argues that the trial court erred by allowing evidence of his prior conviction for family violence to be introduced during the guilt–innocence phase and that the trial court's comments and actions demonstrated bias and deprived him of his constitutional right to a fair trial. Because we hold that Appellant's prior assault–family violence conviction was an element of the offense of felony assault–family violence and was therefore properly introduced during guilt–innocence and that Appellant did not demonstrate that the trial court's comments and actions constituted actual bias, we affirm.

## II. Brief Background[1]

While driving his car in Denton, Appellant became angry with his girlfriend, who was riding in the passenger seat. He punched her, bit multiple places on her body, and choked her around the throat. She ran to a fire station and was transported to a hospital where she was treated for a concussion, bite marks on her thumb and chest, and a gash to her eye that required stitches.

After the above evidence was presented, along with evidence that Appellant had a prior conviction for assault–family violence, the jury acquitted him of assault–

---

[1]Because Appellant does not challenge the sufficiency of the evidence to support his conviction, we omit a detailed factual background and will set forth additional background information as necessary in our analysis of Appellant's issues.

family violence by impeding breath or circulation but convicted him of assault–family violence with a prior conviction under Texas Penal Code Section 22.01(b)(2)(A).  The jury assessed Appellant's punishment at ten years in prison, and the trial court sentenced him in accordance with the jury's recommendation.

### III.  A Prior Conviction is an Element of the Third-Degree Felony of Assault–Family Violence

In his first issue, Appellant argues that the trial court erred by allowing evidence of his prior family-violence conviction to be introduced during the guilt–innocence phase.  Appellant contends that his prior conviction was an enhancement rather than an element of the offense and that it should not have been presented to the jury until the punishment phase.

This issue has been thoroughly analyzed and resolved contrary to Appellant's contention by the San Antonio Court of Appeals in *Reyes v. State* as follows:

> Central to our review is whether the allegation of the prior assault conviction is an element of the offense [of felony assault–family violence] or merely an allegation for the purpose of enhancement of punishment.  A prior conviction alleged for enhancement [] "is not really a component element of the primary offense." *Brooks v. State*, 957 S.W.2d 30, 32 (Tex. Crim. App. 1997).  Although a defendant is entitled to notice that the State intends to enhance his punishment through the use of prior convictions, enhancement allegations are not required to be ple[aded] in an indictment.  *Id.* at 34.  Thus, if the prior assault conviction is an enhancement allegation, it is not an element of the offense[] and need not be included in a hypothetically correct jury charge for a conviction of the primary offense.
>
> Relying on *Calton v. State*, [appellant] argues [that] the allegation of the prior assault conviction is an element of the offense for which he was charged.  176 S.W.3d 231, 236 (Tex. Crim. App. 2005).  In *Calton*,

the court addressed whether the allegation of a prior conviction under the evading arrest statute was an element of the offense. The court explained that when determining "whether any given fact constitutes an element of the offense," the court must look to the plain language of the statute involved and apply that plain language if it is not ambiguous. *Id.* at 233. If the language is ambiguous or would lead to an absurd result, we resort to extra-textual sources to determine the element of the offense. *Id.* The court began its analysis with a review of the text of [S]ection 38.04 of the Penal Code which provides in relevant part:

### § 38.04 Evading Arrest or Detention

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him.

(b) An offense under this section is a Class B misdemeanor, except that the offense is:

(1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;

(2) a felony of the third degree if:

(A) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section[.]

Tex. Penal Code Ann. § 38.04 . . . . The court determined [that] the statute was not ambiguous. The court held that a conviction for the offense [of] evading arrest as an element of a third-degree felony could not occur without proving the actor has previously been convicted of evading arrest. *Id.* at 234. The court concluded from the plain language of the statute that a prior conviction for evading arrest is an element for the offense of third-degree felony evading arrest. *Id.*

Applying the court's analysis in *Calton*, *we conclude [that] the allegation of the prior assault conviction is also an element of the offense of assault causing bodily injury when ple[aded] as a third-degree felony.* The structure of [S]ection 22.01,

4

which defines the offense of assault causing bodily injury, is similar to that of evading arrest.

### § 22.01 Assault

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

[. . . .]

(b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:

[. . . .]

(2) a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if:

(A) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, . . . against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code[.]

Tex. Penal Code Ann. § 22.01[(a)(1), (b)(2)(A)]. Section 22.01(b)(2) is not ambiguous, and the plain language of the statute requires proof of a prior conviction. Accordingly, *proof of a prior assault conviction is an element of the offense* and must be included in a hypothetically correct charge and proven beyond a reasonable doubt.

314 S.W.3d 74, 80–81 (Tex. App.—San Antonio 2010, no pet.) (emphases added).

Appellant does not mention *Reyes* in his brief, nor does he acknowledge that almost all of the fourteen Texas intermediate appellate courts have concluded that

5

proof of a prior assault conviction is an element of the offense of felony assault–

family violence.[2]   As noted by the State, there is a "minor split among the

_____

[2]*See, e.g.*, *Holoman v. State*, No. 12-17-00364-CR, 2018 WL 5797241, at *3 (Tex. App.—Tyler Nov. 5, 2018, pet. granted) (mem. op. on reh'g, not designated for publication) ("We hold the prior conviction requirement for assault[–]family violence is an element of felony assault[–]family violence under Section 22.01(a)(1)(A) and is required to be proven at the guilt phase of trial."); *Davis v. State*, 533 S.W.3d 498, 512–13 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd) (noting that to establish the offense of assault–family violence, "the State was required to prove that appellant was "previously convicted of an [assault] . . . against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code," and thus the "State must necessarily prove the existence of a prior conviction where, as here, it is an element of the charged offense"); *Davis v. State*, No. 04-15-00602-CR, 2016 WL 4537927, at *2, *4 (Tex. App.—San Antonio Aug. 31, 2016, pet. ref'd) (mem. op., not designated for publication) (reaffirming *Reyes* and stating that "the State had to prove [that appellant] had previously been convicted of assault–family violence" and that "[i]f the State had not introduced evidence of the prior conviction, [appellant] might have successfully argued . . . that the evidence was insufficient to support his conviction for the felony offense [of assault–family violence]"); *Wingfield v. State*, 481 S.W.3d 376, 379 (Tex. App.—Amarillo 2015, pet. ref'd) (citing *Reyes* and stating that "[t]he prior conviction is an essential element of the felony offense" of assault–family violence); *Olivas v. State*, No. 08-11-00081-CR, 2013 WL 1182208, at *3 (Tex. App.—El Paso Mar. 20, 2013, no pet.) (not designated for publication) ("The plain language of Section 22.01(b)(2) is not ambiguous and clearly requires proof of a prior conviction of family violence."); *Moore v. State*, No. 10-09-00386-CR, 2010 WL 3272398, at *3 (Tex. App.—Waco Aug. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (stating that "the prior convictions are elements of the offense [of third-degree felony assault with bodily injury–family member] as alleged in the indictment"); *Staggs v. State*, 314 S.W.3d 155, 160 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (stating that "when a prior conviction is an element of an offense, as it is here [with the offense of assault–family violence], the prior conviction must be alleged and charged and proved prior to conviction . . . rather than being stipulated to as true in the punishment phase"); *Vazquez v. State*, No. 03-08-00277-CR, 2009 WL 211685, at *1 n.1 (Tex. App.—Austin Jan. 27, 2009, no pet.) (mem. op., not designated for publication) (utilizing the trial court's and parties' assumption that the previous assault–family violence conviction was a jurisdictional element that had to be proven by the State at guilt–innocence); *State v. Karamvellil*, No. 05-08-00549-CR, 2008 WL 5147116, at *3 (Tex. App.—Dallas Dec. 9,

intermediate courts" because the Fourteenth Court has issued contradictory opinions on the issue. *Compare Rogers*, 200 S.W.3d at 236 n.3 (noting that "when a prior conviction is used to enhance the level of offense under both the current and former versions of [S]ection 22.01, the State must prove the existence of the prior conviction as an element of the offense in the guilt[–]innocence phase of trial"), *with State v. Cagle*, 77 S.W.3d 344, 346 nn. 1–2 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (stating that "the offense would be a misdemeanor without the enhancement" but also stating that a prior assault is "a sentence enhancement, rather than an element of the offense"). Yet, *Cagle* appears to be the outlier and does not track with the Fourteenth Court of Appeals's later opinion in *Rogers*.

---

2008, pet. ref'd) (mem. op., not designated for publication) ("Thus, a conviction for third-degree felony assault cannot occur unless the prior conviction is proven[,] and it must be proven at the guilt phase of the trial."); *Edison v. State*, 253 S.W.3d 303, 305 (Tex. App.—Beaumont 2008, no pet.) (stating that "[t]he previous conviction for assault against a family or household member must be shown at trial to elevate the offense from a Class A misdemeanor to a third[-]degree felony" and that it disagreed "that the prior conviction simply results in a punishment enhancement for a misdemeanor offense"); *Rogers v. State*, 200 S.W.3d 233, 236 n.3 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (noting that under Section 22.01, the State must prove the existence of the prior conviction as an element of the offense); *Sheppard v. State*, 5 S.W.3d 338, 340 (Tex. App.—Texarkana 1999, no pet.) (explaining that under Section 22.01, the fact of the prior conviction is an element of the offense). The preceding list does not include every case from the intermediate courts on this issue because many of the courts have issued multiple opinions describing Section 22.01's prior-conviction requirement as an element. Moreover, the Eastland Court of Appeals has not specifically stated that proof of the prior conviction must be put on during guilt–innocence, but the court intimated that concept through its analysis of whether the State had proved up a prior conviction in *Corrales v. State*, No. 11-13-00180-CV, 2015 WL 3938100, at *1 (Tex. App.—Eastland June 25, 2015, no pet.) (mem. op., not designated for publication).

This court has not directly addressed the issue that is posed here.[3]  However, after reviewing our sister courts' decisions that are cited in footnote 2, we agree that the prior-conviction requirement for assault–family violence is an element of felony

---

[3]This court has previously only briefly commented on whether a prior conviction in Section 22.01 is an element or an enhancement but has not addressed the issue head on.  *See, e.g.*, *Jones v. State*, No. 02-18-00237-CR, 2019 WL 1574955, at *1, *2 (Tex. App.—Fort Worth Apr. 11, 2019, no pet.) (mem. op., not designated for publication) (referring to appellant's conviction as "assault–family violence, enhanced to a third-degree felony by [his] 1990 conviction for the family violence-related murder of Yolanda Graves" and then stating that "[t]o support the enhanced conviction, the State was required to prove beyond a reasonable doubt that [appellant] had previously been convicted on August 24, 1990, . . . of murdering someone with whom he had had a dating relationship"); *Gomez v. State*, No. 02-09-00086-CR, 2010 WL 1730832, at *1 (Tex. App.—Fort Worth Apr. 29, 2010, pet. ref'd) (mem. op., not designated for publication) (describing appellant's challenge to the sufficiency of the evidence to support his conviction for "assault–family violence, elevated to a third-degree felony because of a prior assault–family violence conviction" as a challenge to the "sufficiency of the evidence of the jurisdictional enhancement.  That is, [a]ppellant contends that the State failed to prove that he had been convicted previously of assault–family violence"); *Williams v. State*, 172 S.W.3d 730, 738 (Tex. App.—Fort Worth 2005, pet. ref'd) (Dauphinot, J., dissenting) ("Prior convictions can elevate a misdemeanor to a felony; for example, they are elements of the offense and, without dispute, must be ple[aded] in the indictment in felony cases of DWI, theft, and family[-]violence assault." (footnotes omitted)); *cf. Pearson v. State*, No. 02-18-00360-CR, 2020 WL 5241739, at *5 (Tex. App.—Fort Worth Sept. 3, 2020, pet. filed) (mem. op., not designated for publication) (referencing *Oliva v. State*, 548 S.W.3d 518, 526–27 (Tex. Crim. App. 2018), and *Holoman* and holding that trial court did not err by including the Section 22.011(f) instruction in the guilt–innocence charge rather than charging it solely as a punishment issue); *Calton v. State*, 132 S.W.3d 29, 34 (Tex. App.—Fort Worth 2004) (noting that "the structure of [S]ection 38.04(b)(2) is consistent with other statutes in the Texas Penal Code, such as those defining . . . assault," that treat prior convictions as aggravating elements of an offense rather than as sentencing or 'enhancement' factors" and holding that the prior conviction must be proven at the guilt–innocence phase of a trial for the third-degree felony offense of evading arrest or detention), *aff'd*, 176 S.W.3d 231 (Tex. Crim. App. 2005).

assault–family violence under Section 22.01(b)(2)(A) and is required to be proven at the guilt–innocence phase of trial.

Appellant relies on *Oliva*, in which the Court of Criminal Appeals analyzed the placement of the phrase "a person commits an offense" in the DWI statute in Texas Penal Code Section 49.09(a) and concluded that because the phrase appeared in the base offense[4] but did not "preface or incorporate the 'prior conviction' language contained in § 49.09," the legislature did not frame the DWI statute in a way that included the prefacing incriminatory facts and the enhancement language together. 548 S.W.3d at 523. Appellant contends that the "if it is shown on the trial" language in Section 22.01 indicates a punishment enhancement and argues that because that section allegedly mirrors Section 49.09(a), we should follow *Oliva* and hold that the prior-conviction portion of the statute is not an element but is "simply a punishment enhancement."

*Oliva*, however, distinguished between Section 49.09(a) and Section 49.09(b) and specifically stated that

> it is not always true that this phrase ("if it is shown on the trial of") causes a statute to prescribe a punishment issue. The felony DWI provision, found in § 49.09(b), states that a DWI offense "is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted" of two prior DWI offenses. Despite the inclusion of the phrase "if it is shown on the trial of," we have held the provision to prescribe an element of the offense of felony DWI. . . .

---

[4]*See* Tex. Penal Code Ann. § 49.04.

9

. . . [T]he "jurisdictional" language [in § 49.09(b)] suggests that, with respect to whether an element or a punishment issue is prescribed, § 49.09(a) and § 49.09(b) could reasonably be construed differently.

*Id.* at 528–29 (footnotes omitted).

The Tyler Court of Appeals has addressed *Oliva*'s application to the argument that Appellant makes here, explaining that

> [i]n *Oliva*, the Court held that Section 49.09(a), which prescribes that the existence of a prior conviction elevates a second DWI offense from a Class B misdemeanor to a Class A misdemeanor, is a punishment issue. *Id.* at 534; *see* Tex. Penal Code Ann. § 49.09(a) . . . . The court held that the DWI statutory scheme was ambiguous and relied on several textual and nontextual factors in arriving at its holding. *Oliva*, 548 S.W.3d at 523–34. In so doing, the court noted that the language used in the single prior conviction DWI statute is substantially identical to the felony DWI statute, but the jurisdictional nature of the prior convictions for felony DWI converted them from punishment issues to elements of the offense. Specifically, the court stated[,]
>
>> Under this view, the jurisdictional nature of the two-prior conviction provision for felony DWI converts what would otherwise be a punishment issue into an element of the offense. Because the single prior-conviction provision for misdemeanor DWI is not jurisdictional, that conversion does not occur, so the provision retains its character as prescribing a punishment issue.
>
> *Id.* at 533; *see also* Tex. Penal Code Ann. §§ 49.04[,] 49.09[.]

*Holoman*, 2018 WL 5797241, at *3. *Holoman* also addressed and disposed of Appellant's contention that "[a] prior conviction retains its original character as a punishment issue when it is not used to vest jurisdiction with the court," such as here where the trial court obtained jurisdiction when Appellant was indicted for the felony of assault–family violence by impeding breath or blood under Section 22.01(b)(2)(B).

10

*See id.* In *Holoman*, it was the State making the argument that Appellant raises in this appeal:

> [T]he State concedes that "in the usual case, a prior family violence conviction is one of the 'jurisdictional' priors; it enhances what is otherwise a Class A assault to a third-degree felony." However, it argues that because Appellant was charged with assault[–]family violence by impeding breath or blood, a felony offense which vested the district court with jurisdiction, the prior family violence conviction was not jurisdictional and could properly be considered at the punishment phase of trial. We reject this argument. It is axiomatic that the prior conviction provision in Section 22.01(b)(2)(A) is either an element of the offense of felony assault[–]family violence with a previous conviction[] or serves to enhance the punishment of a misdemeanor assault[–]family violence, not both. We hold the prior conviction requirement for assault[–]family violence is an element of felony assault[–]family violence under Section 22.01[(b)(2)](A) and is required to be proven at the guilt phase of trial. *See Oliva*, 548 S.W.3d at 533.

*Id.* We agree with *Holoman*'s analysis and holding and conclude that because Section 22.01(b)(2)(A) is more akin to Section 49.09(b), a prior conviction is an element of assault–family violence. We therefore need not delve further into Appellant's additional arguments that attempt to persuade this court that the prior-conviction requirement in Section 22.01 is a punishment enhancement. *See* Tex. R. App. P. 47.1. Accordingly, we overrule Appellant's first issue.

## IV. Appellant Failed to Demonstrate Actual Bias

In his second issue, Appellant argues that the trial court's comments and actions demonstrated bias and deprived him of his constitutional right to a fair trial. Specifically, Appellant complains that the trial judge was rude and abrupt in ways that betrayed personal bias toward Appellant and his counsel when the trial judge

11

• interjected his opinion regarding why Appellant had chosen not to file an application for probation but was pleading not true to the enhancement paragraph;

• tainted the venire during voir dire by pressuring a venire-member who had been the victim of family violence to speak in front of the entire group, by mentioning how jury selection operates in a death-penalty case, and by yelling at a venire-member who had left the courtroom to use the restroom after previously requesting permission and being told that a break would be given later;

• denied Appellant's requests to refresh the complainant's memory outside the jury's presence, thus forcing him to play recordings of his jail calls to her in front of the jury;

• overruled Appellant's objections to the State's expert witness in front of the jury;

• required the jury and counsel for both sides to sit in the courtroom and wait for Appellant's witnesses after Appellant notified the trial court that his witnesses were running late; and

• allegedly rushed Appellant's counsel as they went over the judgment with Appellant, screamed at them, and threw documents in their faces.[5]

---

[5]For this last group of complained-of actions, Appellant cites to his motion to recuse, which was filed after the trial had ended. Appellant's motion to recuse specifically states, "None of these instances are on the record." Because we do not have a record of these statements, we will not consider them in our analysis. *See generally* Tex. R. App. P. 33.2 ("To complain on appeal about a matter that would not otherwise appear in the record, a party must file a formal bill of exception.").

12

## A.    Preliminary Issue—Preservation

Appellant acknowledges that he did not object "to all comments or actions of the trial court," which generally would forfeit any resulting error, but argues that he was not required to object at trial to present this issue on appeal because the trial judge's actions and comments amounted to fundamental error. *See Castro v. State*, No. 02-17-00196-CR, 2018 WL 1096064, at *2 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication) (citing Tex. R. Evid. 103(e), and *Proenza v. State*, 541 S.W.3d 786, 796 (Tex. Crim. App. 2017) ("[T]he question of error preservation turns not upon the 'circumstances under which [an alleged error] was raised,' but upon the 'nature of the error itself." (quoting *Ex parte Heilman*, 456 S.W.3d 159, 166 (Tex. Crim. App. 2015)))).

Thus, as noted in *Castro*,

> our first inquiry must be whether the judge's comments affected an absolute right, which may be raised for the first time on appeal. *See Proenza*, [541 S.W.3d at 796–97]; *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *see also* Tex. R. Evid. 103(e). A trial judge's comment that cannot be viewed as fair and impartial is fundamental error of constitutional dimension; therefore, a defendant does not have to object at trial to raise this class of error on appeal. *See Jasper v. State*, 61 S.W.3d 413, 420 (Tex. Crim. App. 2001); *Mumphrey v. State*, 509 S.W.3d 565, 568 (Tex. App.—Texarkana 2016, pet. ref'd); *Avilez v. State*, 333 S.W.3d 661, 671–72 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see also* Tex. R. Evid. 103(e).

*Id.* And just as in *Castro*, here the State does not assert that Appellant's failure to object at the time the trial judge made the challenged comments procedurally

defaulted any error.[6]  *Id.* (citing *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016), which recognized that preservation is a systemic requirement that appellate court must review on its own motion).  Thus, we conclude that Appellant was not required to object at trial to raise this complaint on appeal.

## B.     Law Applicable to Determining Bias

As set forth in *Castro*,

> we look to the entire record to determine whether the trial judge's comments revealed such a degree of actual bias that he ceased to function as a neutral and detached fact[]finder, violating Appellant's constitutional right to a fair trial.  *See Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997); *Avilez*, 333 S.W.3d at 673–74; *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.—Texarkana 1995, no pet.); *see also McDaniel v. State*, No. 05-15-01086-CR, 2016 WL 7473902, at *4 (Tex. App.—Dallas Dec. 29, 2016, pet. ref'd) (mem. op., not designated for publication).  But absent a clear showing of actual bias, we presume that the trial court acted impartially.  *See Tapia v. State*, 462 S.W.3d 29, 44 (Tex. Crim. App. 2015).

*Id.* at *3.  Moreover,

> rulings alone almost never constitute a valid basis for a claim that a judge is biased or partial.  *Liteky v. U.S.*, 510 U.S. 540, 555[, 114 S. Ct. 1147, 1157] (1994).  Only in the rarest circumstances can a judicial ruling evidence the degree of favoritism or antagonism required to demonstrate judicial bias.  *Id.*  A judge's ordinary efforts at courtroom administration remain immune.  *Id.* at 556.

---

[6]The State does assert, however, that Appellant has not raised on appeal the applicability of the disqualification and recusal grounds found in the Texas Constitution, the Texas Code of Criminal Procedure, and the Texas Rules of Civil Procedure.  Because Appellant did not raise these provisions on appeal, we likewise will not address them.  *See* Tex. R. App. P. 38.1(i), 47.1.

14

*Bradford v. State*, No. 05-18-00862-CR, 2019 WL 2498684, at *2 (Tex. App.—Dallas June 17, 2019, pet. ref'd) (mem. op., not designated for publication).

### C. Analysis

Having reviewed the entire record, we conclude that the complained-of actions and comments that appear in the record do not reveal such a degree of actual bias that the trial judge ceased to function as a neutral and detached factfinder. The initial complained-of comment—that the trial judge interjected his opinion regarding why Appellant had chosen not to file an application for probation but was pleading not true to the enhancement paragraph—was made before the venire was brought into the courtroom and was made in the context of discussing the scope of voir dire. After that comment but still before the venire was seated, the trial court engaged in a lengthy and seemingly amicable discussion with the parties about legal issues involved in the case and made a ruling favorable to Appellant by granting his request to shuffle the venire. Regarding the trial court's allegedly tainting the venire by pressuring a venire member to speak in front of the jury about family violence and by yelling at a venire member who had left the courtroom to use the restroom, the record reflects that neither of those venire-members became jurors.

Although the trial court denied Appellant's request to refresh a witness's memory by playing a jail call outside the jury's presence, the record reflects that the trial judge sustained numerous other objections made by defense counsel. Regarding the trial court's ruling on Appellant's objection to the State's expert in front of the

15

jury, the record demonstrates that Appellant did not request a ruling from the trial court during the hearing that was held outside the jury's presence. Concerning the remaining complained-of remarks and actions, we agree that the trial court expressed some impatience, dissatisfaction, annoyance, and perhaps even anger, but the record falls short of demonstrating bias or partiality. *See Liteky*, 510 U.S. at 555–56, 114 S. Ct. at 1157; *see also Gonzales v. State*, No. 03-12-00620-CR, 2014 WL 6901181, at *6 (Tex. App.—Austin Dec. 4, 2014, pet. ref'd) (mem. op., not designated for publication) (concluding that trial court's conduct—in the form of appellant's cited twenty-plus "errors" and the trial court's verbal remarks made throughout trial—did not rise to the level displaying "deep-seated favoritism or antagonism").[7]

Accordingly, we overrule Appellant's second issue.

---

[7]Moreover, even if we assumed that the trial court's remarks and actions somehow rose to the level of judicial bias, we would conclude that any error was harmless. *See Proenza*, 541 S.W.3d at 801. As to the trial court's unfavorable rulings on Appellant's objections, the trial court's charge instructed the jury as follows:

> At times during the trial the Court has been called upon to determine the admissibility of certain offered evidence. You are not to draw any inferences from the Court's rulings. Whether offered evidence is admissible is purely a question of law. In admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence or consider the believability of the witnesses. As to any offered evidence that the Court has rejected, you must not consider the same. As to any question to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection.

As for the trial court's statements in the jury's presence, the trial court's charge instructed the jury as follows:

## V. Conclusion

Having overruled Appellant's two issues, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 3, 2020

---

> Do not allow anything that the Court has said or done during the trial to influence you to vote one way or the other.  Do not allow yourselves to be influenced whatsoever by what you think the opinion of the Court might be.  The Court has not intended to express any opinion about the facts in this case, and if you have observed anything which you have or may interpret as the Court's opinion about the facts in this case, you must wholly disregard it.

We generally presume the jury follows the trial court's instructions.  *Beltran De La Torre v. State*, 583 S.W.3d 613, 620 (Tex. Crim. App. 2019).  Moreover, the jury, which determined guilt–innocence and assessed punishment, was not influenced by any presumed bias displayed by the trial court as demonstrated by the fact that the jury found Appellant not guilty of assault–family violence by impeding breath, found him guilty only of the lesser-included offense of assault–family violence with a prior family-violence conviction, and assessed his punishment in the middle of the punishment range even after hearing evidence of his prior criminal history that included failure to identify/false identity, robbery, credit card abuse, and theft.